
MARC A. PILOTIN
Regional Solicitor
KATHERINE E. CAMERON
Associate Regional Solicitor
TARA STEARNS (CSBN 291130)
Senior Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
90 7th St., Suite 3-700
San Francisco, CA 94103
Telephone: (202) 961-5737
Stearns.Tara.E@dol.gov
*Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> TOLENTINO & TOLENTINO PARTNERS DBA HOWARD HOME, a partnership; AIZABEL HOME, INC., a corporation; ALYZA HOME, INC., a corporation; GALA HOME, INC., a corporation; GYPSUM CREEK HOMES, INC., a corporation; MARIA LILIAN TOLENTINO, an individual; JUDY TOLENTINO, an individual; RAMON TOLENTINO; and ANGELES MARQUEZ, an individual. <br><br> Defendants. | Case No.  5:25-cv-73 <br><br> **COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** |

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under Sections 16(c) and 17 of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 216(c), 217. This Court also has subject matter jurisdiction under 28 U.S.C. §1331 (federal question) and 28 U.S.C. § 1345 (United States as plaintiff).

2. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims in this enforcement action occurred within this District.

## NATURE OF THE ACTION

3. The Acting Secretary of Labor brings this action under Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c), 217, to recover unpaid back wages and liquidated damages owed to caregivers who worked more than forty hours per week in Defendants' residential care facilities without overtime compensation and to enjoin Defendants from committing future violations of the Act.

4. In bringing this action, the Acting Secretary represents not only the interests of individual workers harmed by violations of the Act, but also the public interest in enforcement of the FLSA.

## PARTIES

5. Plaintiff Julie A. Su, the Acting Secretary of Labor (the "Acting Secretary"), United States Department of Labor, is charged with enforcing the FLSA to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[.]" 29 U.S.C. § 202(a).

### Corporate Defendants

6. Defendant Tolentino & Tolentino Partners is a partnership doing business as Howard Home with a principal place of business at 4361 Howard St.,

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
Case No. 5:25-cv-73

Montclair, CA 91763. Defendant Tolentino & Partners dba Howard Home operates a residential care facility for adults with developmental disabilities at this address and employs caregivers at this facility. At all relevant times, Defendant Tolentino & Tolentino Partners dba Howard Home has been an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d).

7.  Defendant Aizabel Home, Inc. is a corporation with a principal place of business at 1425 Ethel St., Glendale, CA 91207. Defendant Aizabel Home, Inc. operates a residential care facility for adults with developmental disabilities at this address and employs caregivers at this facility. At all relevant times, Defendant Aizabel Home, Inc. has been an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d).

8.  Defendant Alyza Home, Inc. is a corporation with a principal place of business at 5062 Rodeo St., Montclair, CA 91763. Defendant Alyza Home, Inc. operates a residential care facility for adults with developmental disabilities at this address and employs caregivers at this facility. At all relevant times, Defendant Alyza Home, Inc. has been an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d).

9.  Defendant Gala Home, Inc. is a corporation which had a principal place of business at 10986 S. Gala Lane, Ontario, CA 91762. Defendant Gala Home, Inc. operated a residential care facility for adults with developmental disabilities at this address and employed caregivers at this facility. At all relevant times, Defendant Gala Home, Inc. was an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d).

10. Defendant Gypsum Creek Homes, Inc. is a corporation with a principal place of business at 14572 Sleepy Creek Dr., Eastvale, CA 92880. Defendant Gypsum Creek Homes, Inc. operates a residential care facility for adults

with developmental disabilities at this address and employs caregivers at this facility. Defendant Gyspum Creek Homes, Inc. also operated a residential care facility for adults with developmental disabilities at 6976 Gypsum Creek Dr., Eastvale, CA 92880 and employed caregivers at this facility. At all relevant times, Defendant Gypsum Creek Homes, Inc. has been an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d).

### Individual Defendants

11. Defendant Maria Lilian Tolentino is an individual residing in Ontario, California. Defendant Maria Lilian Tolentino operates a residential care facility doing business as Gala Home at 10986 S. Gala Lane, Ontario, CA 91762. At all relevant times, Defendant Maria Lilian Tolentino, together with the other Individual Defendants, has also jointly controlled the operations of the residential care facilities operated by Defendants. Defendant Maria Lilian Tolentino is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. Defendant Judy Tolentino is an individual residing in Walnut, California. At all relevant times, Defendant Judy Tolentino, together with the other Individual Defendants, has jointly controlled the operations of the residential care facilities operated by Defendants. Defendant Judy Tolentino is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. Defendant Ramon Tolentino is an individual residing in Walnut, California. At all relevant times, Defendant Ramon Tolentino, together with the other Individual Defendants, has jointly controlled the operations of the residential care facilities operated by Defendants. Defendant Ramon Tolentino is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. Defendant Angeles Marquez is an individual residing in Chino, California. At all relevant times, Defendant Angeles Marquez, together with the

other Individual Defendants, has jointly controlled the operations of the residential care facilities operated by Defendants. Defendant Angeles Marquez is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## FACTS COMMON TO ALL CLAIMS

15. At all relevant times, Defendants jointly controlled and operated residential care facilities for the common business purpose of providing for-profit caregiving services.

16. At all relevant times, Defendants' residential care facilities had an annual gross volume of sales made or business done of not less than $500,000.

17. At all relevant times, Defendants employed caregivers, including the individuals listed in Exhibit A, who worked at their residential care facilities.

18. At all relevant times, two or more of the caregiver employees who worked in Defendants' residential care facilities handled products made outside of California and transported into the State.

19. From at least March 7, 2021 to March 6, 2024, Defendants' caregiver employees, including the individuals listed in Exhibit A, regularly worked more than 40 hours per week.

20. From at least March 7, 2021 to March 6, 2024, Defendants failed to pay overtime at the required rate of time-and-a-half for the overtime hours that their caregiver employees worked. Instead, Defendants paid caregiver employees a fixed amount each month, regardless of their hours worked. Additionally, Defendants incorrectly classified some caregivers as independent contractors.

21. From at least March 7, 2021 to March 6, 2024, Defendants failed to keep accurate records of the hours worked by their caregiver employees and the wages paid to them.

# CLAIMS FOR RELIEF

## First Cause of Action

### Violation of the Overtime Provisions of the FLSA

22. The Acting Secretary incorporates all facts alleged above.

23. Defendants' residential care facilities are an "enterprise," within the meaning of FLSA Section 3(r)(1), 29 U.S.C. § 203(r)(1).

24. At all relevant times, Defendants' enterprise has been engaged in commerce or in the production of goods for commerce within the meaning of FLSA Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

25. From at least March 7, 2021 to March 6, 2024, Defendants willfully violated the overtime provisions of FLSA Sections 7(a) and 15(a)(2), 29 U.S.C. §§ 207(a), 215(a)(2), by employing the caregiver employees at their residential care facilities for workweeks longer than forty hours without compensating the employees for hours worked in excess of forty at rates not less than one and one-half times the regular rate at which they were employed. Defendants knew or should have known of the FLSA's overtime requirements but suffered or permitted their employees to work without properly compensating them.

## Second Cause of Action

### Violation of the Recordkeeping Provisions of the FLSA

26. The Acting Secretary incorporates all facts alleged above.

27. From at least March 7, 2021 to March 6, 2024, Defendants violated the recordkeeping provisions of FLSA Sections 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c), 215(a)(5), by failing to make, keep, and preserve accurate records of the hours worked by their employees and the wages paid to them as prescribed by the Acting Secretary of Labor's regulations at 29 C.F.R. Part 516.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
Case No. 5:25-cv-73

28. Defendants failed to create and maintaine accurate and complete records of caregivers' hours worked and wages paid, even though they knew or should have known that this conduct violates the FLSA.

## **PRAYER FOR RELIEF**

The Acting Secretary prays for a judgment and order providing the following relief:

A. a permanent injunction restraining Defendants, their officers, agents, servants, employees, successors, and persons acting in active concert or participation with them from violating the and recordkeeping provisions of FLSA Sections 7(a), 11(c), 15(a)(2), and 15(a)(5), 29 U.S.C. 207(a), 211(c), 215(a)(2), and 215(a)(5), under FLSA Section 17, 29 U.S.C. § 217;

B. a judgment under FLSA Section 16(c), 29 U.S.C. § 216(c), finding Defendants jointly and severally liable for the unpaid overtime compensation due to Defendants' current and former employees, for the period from at least March 7, 2021 to March 6, 2024, plus an additional equal amount as liquidated damages;

C. if liquidated damages are not awarded, an order under FLSA Section 17, 29 U.S.C. § 217, enjoining Defendants from withholding payment of unpaid overtime compensation found due to Defendants' current and former employees for the period from at least March 7, 2021 to March 6, 2024, plus pre-judgment interest at an appropriate interest rate;

D. an award to Plaintiff of the costs of this action; and

E. any other relief that is necessary or appropriate.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
Case No. 5:25-cv-73

Dated: January 10, 2025        Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

KATHERINE E. CAMERON
Associate Regional Solicitor

 /s/  *Tara Stearns*
TARA STEARNS
Senior Trial Attorney

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
Case No. 5:25-cv-73

EXHIBIT A

| | First Name | Last Name |
|---|---|---|
| 1. | ACELITA DEL | ALCAZAR |
| 2. | ANGELES | MARQUEZ |
| 3. | ANNIE ROSE | INCISO |
| 4. | ANTHONY | FONG |
| 5. | APHOL JAY | SALVADOR |
| 6. | ARMANDO | ALCALA |
| 7. | ARMANDO | TONGOL |
| 8. | ASTERIA | PAREDES |
| 9. | AURI BLAY N | OQUISUMBING |
| 10. | BRENDA | REBOLLEDO |
| 11. | BRUCE NICHOLE JOHN | VERGARA |
| 12. | CARLITO | TAN JR |
| 13. | CHRISTIAN | REYES |
| 14. | CHRISTIENE | ESTREMUS |
| 15. | DANERICK | APELADO |
| 16. | DANILO | MANALO |
| 17. | DARYL | ALVAREZ |
| 18. | DIONISIO | ESTEVES |
| 19. | EDGARDO | SANTOS |
| 20. | EDUARDO | BULIWAN |
| 21. | EDWARD BLAY | VELASQUEZ |
| 22. | EUGENE | SUPNET |
| 23. | EVELYN | MACNI |
| 24. | FADHI | SALVADOR |
| 25. | FERMIN JASON | AGRISOLA II |
| 26. | FRANCIS | PASTORFIDE |
| 27. | FRANCISCO | CAUBALEJO |
| 28. | GENEMAR | MONZAGA |
| 29. | GENESIS | FRANCIA |
| 30. | GLORIA | TROPICALES |
| 31. | GUILLERMA | PAREDES |
| 32. | JAMES | BLANCO |
| 33. | JEAN PAUL | BUNDALIAN |
| 34. | JEFFREN | MUNGCAL |

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
Case No. 5:25-cv-73

| 35. | JERRYSON | MANI |
|---|---|---|
| 36. | JESSIE | BORRES |
| 37. | JESUS | SARMIENTO JR |
| 38. | JONATHAN | SAMONTE |
| 39. | JOSELITO | EMRALINO |
| 40. | JUDELIZA | PASTORFIDE |
| 41. | KARL LEO | BELTRAN |
| 42. | KENNETH | TAN |
| 43. | LIEZL DE | GUZMAN |
| 44. | LYNBETH | CARLOS |
| 45. | MA VICTORIA | BORRES |
| 46. | MANOLITO | JOSE |
| 47. | MARCIAL | FERNANDO |
| 48. | MARGARITA | CAUBALEJO |
| 49. | MARIA GOLDA | MEDIANTE |
| 50. | MARIA MARIAN | MABUHAY |
| 51. | MARIA ROSARIO | SAMONTE |
| 52. | MARIAN JUDITH ISABEL | MANAOG |
| 53. | MARIO | FIGURACION JR |
| 54. | MARISSA | CARREON |
| 55. | MARLON | BAGUINO |
| 56. | MAURA | PANGANIBAN |
| 57. | MICHAELA | FERRER |
| 58. | NOEL | PANGANIBAN |
| 59. | PATRICE ANTHONY | AMON |
| 60. | RAMON | OBLIGACION |
| 61. | RENATO | PAREDES |
| 62. | RODELIO | MARQUEZ |
| 63. | RODOLFO | CABIGTING |
| 64. | ROSELLE MAY | TAN |
| 65. | ROY | DURANGPARANG |
| 66. | RUDOLFO | CABIGTING |
| 67. | RUDY | SANTOS |
| 68. | SHAIRA | EVANGELIO |
| 69. | SHELLA MAE | ABELLO |
| 70. | SONNY | BARBATO |

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
Case No. 5:25-cv-73

| 71. | STINELI | CHAVEZ |
| --- | --- | --- |
| 72. | TERESITA | TONGOL |
| 73. | VENUS | SISON |
| 74. | VIRGILIO | BUGNOT |
| 75. | VIRGINIA | BURON |
| 76. | WILFREDO | SINGUEO |
| 77. | WILLIAM | CARREON |
| 78. | XANTIPPE | BORJA |

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
Case No. 5:25-cv-73

11