JS-6

MARC A. PILOTIN
Regional Solicitor
KATHERINE E. CAMERON
Associate Regional Solicitor
TARA STEARNS (CSBN 291130)
Senior Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
90 7th St., Suite 3-700
San Francisco, CA 94103
Telephone: (202) 961-5737
Stearns.Tara.E@dol.gov
*Attorneys for Plaintiff*
*Acting United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT N. MICONE III, Acting Secretary of Labor, United States Department of Labor, <br><br> Plaintiff[1], <br><br> v. <br><br> TOLENTINO & TOLENTINO PARTNERS DBA HOWARD HOME, a partnership; AIZABEL HOME, INC., a corporation; ALYZA HOME, INC., a corporation; GALA HOME, INC., a corporation; GYPSUM CREEK HOMES, INC., a corporation; MARIA LILIAN TOLENTINO, an individual; JUDY TOLENTINO, an individual; RAMON TOLENTINO; and ANGELES MARQUEZ, an individual. <br><br> Defendants. | Case No.  5:25-cv-00073-KK <br><br> **CONSENT JUDGMENT AND ORDER** |

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Vincent N. Micone, III is substituted in for Julie A. Su, who resigned on January 20, 2025.

Plaintiff VINCENT N. MICONE III, Acting Secretary of Labor ("the Acting Secretary"), United States Department of Labor, and Defendants TOLENTINO & TOLENTINO PARTNERS DBA HOWARD HOME; AIZABEL HOME, INC.; ALYZA HOME, INC.; GALA HOME, INC.; GYPSUM CREEK HOMES, INC.; MARIA LILIAN TOLENTINO; JUDY TOLENTINO; RAMON TOLENTINO; and ANGELES MARQUEZ ("Defendants") have agreed to resolve the matters in controversy in this civil action and agree to the entry of this Consent Judgment and Order as provided below.

## STATEMENTS BY THE PARTIES

A.    The Acting Secretary filed a Complaint alleging that Defendants violated Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 211(c), 215(a)(2), and 215(a)(5).

B.    Defendants acknowledges receipt of the Acting Secretary's Complaint and waive service of the Summons.

C.    Defendants waive their answer to the Complaint.

D.    Defendants admit that the Court has jurisdiction over the Parties and the subject matter of this civil action, and that venue lies in the Central District of California.

E.    The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment and Order without further contest.

F.    Defendants agree herein to resolve all allegations against them in the Acting Secretary's Complaint.

G.    Defendants represent that they and all individuals and entities acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment and Order.

H.    Defendants admit that at all relevant times, they operated residential

care facilities in Los Angeles County, California and that these activities constituted an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

I.      Defendants admit that at all relevant times they were the employers of employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), including the employees identified in **Exhibit 1** to this Consent Judgment, which is incorporated in and made part of this Consent Judgment and Order.

J.      Defendants admit that they have violated Section 7 of the FLSA, 29 U.S.C. § 207, by failing to pay overtime to employees identified on **Exhibit 1** who worked more than 40 hours in a work week.

K.      Defendants admit that they have violated Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), by failing to keep accurate records of hours worked by employees identified on **Exhibit 1**.

L.      Defendants agree that, within 30 days of entry of this Consent Judgment, they will classify all individuals who work in their residential care facilities, including current workers listed on **Exhibit 1,** as employees within the meaning of the term "employee" under the Section 3(e) of the FLSA, 29 U.S.C. § 203(e). Further, Defendants agree that they will afford all such individuals all protections and safeguards guaranteed under the FLSA. Defendants further represent and agree that they will classify as employees any individuals in the future who perform duties that are operationally consistent with or substantially similar to those of the individuals currently working in their residential care facilities.

## **PERMANENT INJUNCTION**

Pursuant to the statements and agreements above, upon joint motion of the

attorneys for the Parties, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, and all persons and entities acting in active concert or participation with them, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1.      Defendants shall not, contrary to FLSA Sections 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), employ any employees who in any workweek are engaged in commerce, within the meaning of FLSA Section 3, 29 U.S.C. § 203 or are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA Section 3, 29 U.S.C. § 203, for any workweek longer than 40 hours unless such employees receive compensation for their employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which they are employed.

2.      Defendants shall not, contrary to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a), fail to make, keep, and preserve accurate records of employees and of the wages, hours, and other conditions and practices of employment maintained by Defendants, as required by these statutory provisions and the implementing regulations at 29 C.F.R. Part 516, and make such records available to authorized agents of the Acting Secretary for inspection, transcription, and/or copying, upon their demand for such access.

3.      Defendants shall not, contrary to FLSA Section 15(a)(3), 29 U.S.C. § 215(a)(3), discharge or in any manner discriminate against any employee because such employee has or is believed to have filed any wage complaint, including to Defendants, or has instituted or caused to be instituted any proceeding under the FLSA, or has provided information to the U.S. Department of Labor in

any such proceeding.

4.    Defendants shall not, contrary to FLSA Section 15(a)(3), 29 U.S.C. § 215(a)(3), in any way, directly or indirectly, solicit, demand, require, or accept the return of any of the back wages or liquidated damages required to be paid under this Consent Judgment and Order from the individuals listed on the attached **Exhibit 1** or any future wages paid to employees in their residential are facilities; nor shall Defendants threaten or imply that adverse action will be taken against any employee because of their receipt of funds to be paid under this Consent Judgment and Order.

5.    Defendants shall not, jointly and severally, withhold payment of $ 1,220,574.10 (One million two hundred twenty thousand five hundred seventy four dollars and ten cents) which constitutes the overtime back wages found to be due by the Defendants under the FLSA to the employees, as a result of their employment by Defendants during the periods identified and to the employees named in **Exhibit 1** in the amounts set forth herein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, and all persons and entities acting in active concert or participation with them, shall take the affirmative actions:

6.    Within 30 days of the date of entry of this Consent Judgment and Order, Defendants shall provide the last known contact information (including home address, mobile phone number, and email address) of each individual listed in **Exhibit 1** to the Acting Secretary by emailing this information to Siriporn Poondee, Assistant District Director (ADD), Wage and Hour Division - Los Angeles District Office at poondee.siriporn@dol.gov. If Defendants learn that the contact information of any individual listed on **Exhibit 1** changes in the next three

years, Defendants shall email the updated contact information to ADD Poondee or another representative designated by the Acting Secretary.

7.    Within 30 days of the date of entry of this Consent Judgment and Order, Defendants shall provide a copy of this Consent Judgment and Order to all individuals listed in **Exhibit 1**.

8.    Within 30 days of the date of entry of this Consent Judgment and Order, Defendants shall post the notice attached as **Exhibit 3** in a place that is visible to employees at all their residential care facilities.

9.    Defendants shall utilize a reliable timekeeping system, such as a time clock, at each of their residential care facilities. Defendants shall use this system to accurately record the daily and weekly hours that employees work at the facilities. Defendants shall train and require employees to clock in and out at the beginning and end of each shift, and at the beginning and end of any uninterrupted meal and break period of 30 minutes or more. Defendants shall also train and require employees to clock in and out at the beginning and end of each time period in which employees are required to remain on the premises of the residential care facilities. Defendants shall further train and require employees to record any additional hours that employees work outside of their shifts (for example, assisting with patient care at night), either by clocking in and out before and after performing such work or making a written record of the time spent performing the unscheduled work.

## JUDGMENT AND ORDER

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), in favor of Plaintiff Acting Secretary of Labor as a judgment owed to the United States of America and against all Defendants TOLENTINO & TOLENTINO PARTNERS DBA HOWARD HOME;

AIZABEL HOME, INC.; ALYZA HOME, INC.; GALA HOME, INC.; GYPSUM CREEK HOMES, INC.; MARIA LILIAN TOLENTINO; JUDY TOLENTINO; RAMON TOLENTINO; and ANGELES MARQUEZ, jointly and severally, in the total amount of **$2,500,000.00** (Two million five hundred thousand dollars), comprised of: $1,220,574.10 (One million two hundred twenty thousand five hundred seventy-four dollars and ten cents) in unpaid overtime back wages owed under FLSA Sections 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2); $1,220,574.10 (One million two hundred twenty thousand five hundred seventy-four dollars and ten cents) as liquidated damages pursuant to FLSA § 16(c), 29 U.S.C. § 216(c); and $58,851.80 (fifty-eight thousand eight hundred fifty-one dollars and eighty cents) in FLSA civil monetary penalties pursuant to FLSA Section 16(e)(2), 29 U.S.C. § 216(e)(2). The civil money penalties are assessed against Defendants pursuant to FLSA Section 16(e), 29 U.S.C. § 216(e). Defendants waive the right to a hearing with respect to this assessment of civil money penalties.

Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT:**

10.    To satisfy the judgment, Defendants shall make payments to the Acting Secretary as follows:

a.    Defendant shall make two initial payments totaling $1,000,000.00 (One million dollars) to the Acting Secretary by March 20, 2025. The first payment shall be in the amount of $58,851.80 and shall be allocated toward the civil monetary penalties owed under this Consent Judgment and Order. The second payment shall be in the amount of $941,148.20 and shall be allocated toward the liquidated damages owed under this Consent Judgment and Order.

b.      Defendants shall pay the remaining balance of $1,500,000.00 (One million five hundred thousand dollars) plus interest at a rate of 4% according to the payment schedule attached as **Exhibit 2**. The payments shall be allocated toward back wages and/or liquidated damages as set forth in **Exhibit 2**.

c.      Defendants shall make the civil monetary penalty payment required by this Consent Judgment and Order online by ACH transfer, credit card, debit card, or digital wallet using the "WHD Civil Monetary Penalty – WE Region" form available at https://www.pay.gov/public/form/start/77743734. The payment shall reference **Case Number 1993510.**

d.      Defendants shall make the back wage and liquidated damages payments required by this Consent Judgment and Order online by ACH transfer, credit card, debit card, or digital wallet by using the "WHD Back Wage Payment Form – Western Region" form available at https://www.pay.gov/public/form/start/77761888.  The payment shall reference **Case Number 1993510.**

11.    Defendants, at their discretion, may increase the total amount due by March 20, 2025, as specified in ¶ 10.a, by increasing the liquidated damages payment described therein such that the total initial payments equal more than $1,000,000.000. In that event, the Acting Secretary shall revise the payment schedule attached as **Exhibit 2** to reflect the lower balance remaining, and the Acting Secretary shall file an Amended Exhibit 2.

12.    After making the initial payments due by March 20, 2025, Defendants, at their discretion, may at any time pay in full to the Acting Secretary the total remaining balance of back wages and liquidated damages due under this

Consent Judgment and Order, plus any interest accrued through that date. If Defendants elect this option, Defendants shall be relieved of any future obligations under the payment schedule attached as **Exhibit 2**.

13.    Within fourteen (14) days of entry of this Consent Judgment and Order, Defendant Maria Lilian Tolentino shall execute the deed of trust attached as **Exhibit 4** to this Consent Judgment and Order to secure the payments described in ¶ 10 above and in **Exhibit 2**. The deed of trust shall be recorded against the real property commonly known as 1425 Ethel St., Glendale, CA 91207 ("1425 Ethel"). Defendant Maria Lilian Tolentino attests under penalty of perjury that she is the sole owner of 1425 Ethel and has authority to execute the deed of trust attached in **Exhibit 4**. Defendant Maria Lilian Tolentino further attests under penalty of perjury that 1425 Ethel is not encumbered except for a mortgage in the original principal amount of $900,000.00 from Brighten Lending recorded on April 1, 2022, as document number 20220365809.  The Acting Secretary shall record the deed of trust attached as **Exhibit 4** once signed.  Defendant Maria Lilian Tolentino agrees not to further encumber 1425 Ethel until the deed of trust is recorded, with the exception of a home equity line of credit to fund this settlement. Within fourteen (14) business days of the date that all payments due under this Consent Judgment and Order have been made, the Acting Secretary shall execute a full reconveyance and provide it to Defendant Maria Lilian Tolentino.

14.    Within fourteen (14) days of entry of this Consent Judgment and Order, Defendant Maria Lilian Tolentino shall execute the deed of trust attached as **Exhibit 5** to secure the payments described in ¶ 10 above and in **Exhibit 2**. The deed of trust shall be recorded against the real property commonly known as 4361 Howard St., Montclair, CA 91763 ("4361 Howard"). Defendant Maria Lilian Tolentino attests under penalty of perjury that she is the sole owner of 4361

Howard and has authority to execute the deed of trust attached in **Exhibit 5**. Defendant Maria Lilian Tolentino further attests under penalty of perjury that 4361 Howard is not encumbered except for a mortgage in the original principal amount of $472,500.00 from Brighten Lending recorded on May 3, 2022 as document number 2022-0166640. The Acting Secretary shall record the deed of trust attached as **Exhibit 5** once signed. Defendant Maria Lilian Tolentino agrees not to further encumber 4361 Howard until the deed of trust is recorded, with the exception of a home equity line of credit to fund this settlement. Within fourteen (14) business days of the date that all payments due under this Consent Judgment and Order have been made, the Acting Secretary shall execute a full reconveyance and provide it to Defendant Maria Lilian Tolentino.

15.    Within fourteen (14) days of entry of this Consent Judgment and Order, Defendant Maria Lilian Tolentino shall execute the deed of trust attached as **Exhibit 6** to secure the payments described in ¶ 10 above and in **Exhibit 2**. The deed of trust shall be recorded against the real property commonly known as 5062 Rodeo St., Montclair, CA 91763 ("5062 Rodeo"). Defendant Maria Lilian Tolentino attests under penalty of perjury that she is the sole owner of 5062 Rodeo and has authority to execute the deed of trust attached in **Exhibit 6**. Defendant Maria Lilian Tolentino further attests under penalty of perjury that 5062 Rodeo is not encumbered except for a mortgage in the original principal amount of $528,000.00 from Brighten Lending recorded on May 4, 2022, as document number 2022-0166870. The Acting Secretary shall record the deed of trust attached as **Exhibit 6** once signed. Defendant Maria Lilian Tolentino agrees not to further encumber 5062 Rodeo until the deed of trust is recorded, with the exception of a home equity line of credit to fund this settlement. Within fourteen (14) business days of the date that all payments due under this Consent Judgment and

CONSENT JUDGMENT AND ORDER
Case No. 5:25-cv-00073

Order have been made, the Acting Secretary shall execute a full reconveyance and provide it to Defendant Maria Lilian Tolentino.

16.    Within fourteen (14) days of entry of this Consent Judgment and Order, Defendant Maria Lilian Tolentino shall execute the deed of trust attached as **Exhibit 7** to secure the payments described in ¶ 10 above and in **Exhibit 2**. The deed of trust shall be recorded against the real property commonly known as 10986 S. Gala Ln., Ontario, CA 91762 ("10986 S. Gala"). Defendant Maria Lilian Tolentino attests under penalty of perjury that she is the sole owner of 10986 S. Gala and has authority to execute the deed of trust attached in **Exhibit 7**. Defendant Maria Lilian Tolentino further attests under penalty of perjury that 10986 S. Gala is not encumbered except for a mortgage in the original principal amount of $557,00.00 from Brighten Lending recorded on February 10, 2022, as document number 2022-0055622.  The Acting Secretary shall record the deed of trust attached as **Exhibit 7** once signed.  Defendant Maria Lilian Tolentino agrees not to further encumber 10986 S. Gala until the deed of trust is recorded, with the exception of a home equity line of credit to fund this settlement. Within fourteen (14) business days of the date that all payments due under this Consent Judgment and Order have been made, the Acting Secretary shall execute a full reconveyance and provide it to Defendant Maria Lilian Tolentino.

17.    Defendant Maria Lilian Tolentino attests under penalty of perjury that the properties identified in ¶¶ 13-16 above together have sufficient total equity to secure the $1,500,000.00 balance of this Judgment that will remain after the March 20, 2025 payment, plus interest as set forth in **Exhibit 2**.

18.    In the event of any default in the timely making of any payment due hereunder, the full judgment amount which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of Defendants' default

until paid in full, shall become due and payable upon the Acting Secretary's sending by ordinary mail a written demand to the last available addresses of Defendants then known to the Acting Secretary with electronic copies also concurrently e-served on Defendants and, if applicable, their counsel.

19.     The Acting Secretary shall distribute the back wages and liquidated damages payments described in ¶ 10, less deductions for employees' share of payroll taxes and for employees' income tax withholding on the back wage amounts, to the employees identified in **Exhibit 1**, or if necessary, to the employees' estates.  If any monies are not distributed to employees within three (3) years from the date of the Acting Secretary's receipt of final payment, because of an inability to locate the proper persons or because of their refusal to accept it, the Acting Secretary shall deposit the money into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c).

///
///
///
///
///
///
///
///
///
///
///
///
///

CONSENT JUDGMENT AND ORDER
Case No. 5:25-cv-00073

**FURTHER, IT IS HEREBY ORDERED THAT:**

20.    The filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to any individual not named on the attached **Exhibit 1**, nor as to any individual named on **Exhibit 1** for any time period not included in **Exhibit 1**.

21.    Each Party shall bear its own fees and other expenses incurred by such Party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

22.    The Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

IT IS SO ORDERED

Dated:  February 19, 2025

_____
Hon. Kenly Kiya Kato
United States District Judge

1

2

3

4

5

6

7

8

9

10

11

12  *Consented to by:*

13

14  FOR PLAINTIFF:

15

16  EMILY SU
    Deputy Solicitor of National Operations

17

18  MARC A. PILOTIN
    Regional Solicitor

19

20  KATHERINE E. CAMERON
    Associate Regional Solicitor

21

22

23  */s/ Tara Stearns*                    Date: February 13, 2025

24  Tara Stearns
    Senior Trial Attorney

25  Attorneys for Plaintiff

26  United States Acting Secretary of Labor

27

28  CONSENT JUDGMENT AND ORDER
    Case No. 5:25-cv-00073

    14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
FOR DEFENDANTS:
15
16
_____    Date: _____
17
TOLENTINO & TOLENTINO PARTNERS
18
DBA HOWARD HOME
19
By: _____
20
          Printed name
21
Its: _____
22
          Title
23
24
_____    Date: _____
25
AIZABEL HOME, INC.
26
By: _____
27
28

CONSENT JUDGMENT AND ORDER
Case No. 5:25-cv-00073

Printed name

Its: _____
Title

_____   Date: _____
ALYZA HOME, INC.

By: _____
Printed name

Its: _____

_____   Date: _____
GALA HOME, INC.

By: _____
Printed name

Its: _____

_____   Date: _____
GYPSUM CREEK HOMES, INC.,

By: _____
Printed name

Its: _____

_____   Date: _____

CONSENT JUDGMENT AND ORDER
Case No. 5:25-cv-00073

MARIA LILIAN TOLENTINO

_____    Date: _____
JUDY TOLENTINO

_____    Date: _____
RAMON TOLENTINO

_____    Date: _____
ANGELES MARQUEZ
*Approved as to form:*

_____    Date: _____
Jerry Kaplan
Joseph Benincasa
Kaplan, Kenegos & Kadin
9150 Wilshire Blvd., Suite 175
Beverly Hills, CA  90212
Counsel for Defendants

1
2
3
4
5
6
7
8
9
10
11
12
13
14

# EXHIBIT 1

15
16
17
18
19
20
21
22
23
24
25
26
27

| First Name | Last Name | BW Start Date | BW End Date | Total BWs Due | Total LDs Due | Total Amount Due |
|---|---|---|---|---|---|---|
| SHELLA MAE | ABELLO | 8/31/2022 | 3/31/2023 | $5,709.33 | $5,709.33 | $11,418.66 |
| ARMANDO | ALCALA | 4/30/2021 | 9/30/2022 | $21,744.59 | $21,744.59 | $43,489.18 |
| DARYL | ALVAREZ | 3/31/2021 | 9/30/2021 | $9,360.18 | $9,360.18 | $18,720.36 |
| DANERICK | APELADO | 3/31/2021 | 11/30/2023 | $32,659.67 | $32,659.67 | $65,319.34 |
| MARLON | BAGUINO | 3/31/2021 | 3/31/2024 | $12,401.23 | $12,401.23 | $24,802.46 |
| SONNY | BARBATO | 3/31/2022 | 7/31/2022 | $7,429.41 | $7,429.41 | $14,858.82 |
| KARL LEO | BELTRAN | 8/31/2023 | 11/30/2023 | $5,994.01 | $5,994.01 | $11,988.02 |
| JAMES | BLANCO | 2/28/2023 | 3/31/2024 | $16,805.35 | $16,805.35 | $33,610.70 |
| XANTIPPE | BORJA | 3/31/2021 | 3/31/2024 | $16,829.00 | $16,829.00 | $33,658.00 |
| JESSIE | BORRES | 4/30/2021 | 2/29/2024 | $34,481.97 | $34,481.97 | $68,963.94 |
| MA VICTORIA | BORRES | 3/31/2021 | 11/30/2021 | $10,101.54 | $10,101.54 | $20,203.08 |
| VIRGILIO | BUGNOT | 3/31/2021 | 3/31/2024 | $25,998.96 | $25,998.96 | $51,997.92 |
| VIRGINIA | BURON | 2/28/2023 | 2/28/2023 | $1,498.50 | $1,498.50 | $2,997.00 |
| RUDOLFO | CABIGTING | 3/31/2021 | 3/31/2023 | $22,259.74 | $22,259.74 | $44,519.48 |
| FRANCISCO | CAUBALEJO | 9/30/2021 | 6/30/2022 | $10,823.84 | $10,823.84 | $21,647.68 |
| MARGARITA | CAUBALEJO | 9/30/2021 | 6/30/2022 | $10,489.53 | $10,489.53 | $20,979.06 |
| ROY | DURANGPARANG | 3/31/2021 | 2/28/2024 | $36,641.34 | $36,641.34 | $73,282.68 |
| JOSELITO | EMRALINO | 4/30/2021 | 3/31/2024 | $31,892.21 | $31,892.21 | $63,784.42 |

28

CONSENT JUDGMENT AND ORDER
Case No. 5:25-cv-00073

| First Name | Last Name | BW Start Date | BW End Date | Total BWs Due | Total LDs Due | Total Amount Due |
|---|---|---|---|---|---|---|
| CHRISTIENE | ESTREMUS | 3/31/2021 | 8/31/2023 | $36,071.05 | $36,071.05 | $72,142.10 |
| SHAIRA | EVANGELIO | 4/30/2023 | 2/29/2024 | $12,421.94 | $12,421.94 | $24,843.88 |
| MARCIAL | FERNANDO | 3/31/2024 | 3/31/2024 | $1,545.02 | $1,545.02 | $3,090.04 |
| MICHAELA | FERRER | 3/31/2021 | 3/31/2024 | $43,939.43 | $43,939.43 | $87,878.86 |
| ANTHONY | FONG | 7/31/2022 | 3/31/2023 | $12,813.38 | $12,813.38 | $25,626.76 |
| LIEZL DE | GUZMAN | 3/31/2021 | 7/31/2022 | $22,935.66 | $22,935.66 | $45,871.32 |
| ANNIE ROSE | INCISO | 9/30/2022 | 3/31/2024 | $21,515.26 | $21,515.26 | $43,030.52 |
| MANOLITO | JOSE | 11/30/2023 | 11/30/2023 | $1,498.50 | $1,498.50 | $2,997.00 |
| MARIA MARIAN | MABUHAY | 3/31/2021 | 6/30/2021 | $4,604.56 | $4,604.56 | $9,209.12 |
| EVELYN | MACNI | 7/31/2022 | 11/30/2023 | $6,601.72 | $6,601.72 | $13,203.44 |
| MARIAN JUDITH ISABEL | MANAOG | 9/30/2022 | 3/31/2024 | $16,897.83 | $16,897.83 | $33,795.66 |
| RODELIO | MARQUEZ | 3/31/2024 | 3/31/2024 | $1,306.42 | $1,306.42 | $2,612.84 |
| MARIA GOLDA | MEDIANTE | 11/30/2023 | 3/31/2024 | $3,122.19 | $3,122.19 | $6,244.38 |
| GENEMAR | MONZAGA | 8/31/2022 | 3/31/2024 | $23,281.88 | $23,281.88 | $46,563.76 |
| JEFFREN | MUNGCAL | 8/31/2021 | 11/30/2021 | $4,687.14 | $4,687.14 | $9,374.28 |
| RAMON | OBLIGACION | 3/31/2021 | 7/31/2022 | $16,963.50 | $16,963.50 | $33,927.00 |
| AURI BLAY N | OQUISUMBING | 3/31/2021 | 10/31/2023 | $39,040.01 | $39,040.01 | $78,080.02 |
| MAURA | PANGANIBAN | 3/31/2021 | 3/31/2024 | $7,015.37 | $7,015.37 | $14,030.74 |
| NOEL | PANGANIBAN | 3/31/2024 | 3/31/2024 | $1,623.69 | $1,623.69 | $3,247.38 |
| ASTERIA | PAREDES | 3/31/2021 | 3/31/2024 | $38,066.17 | $38,066.17 | $76,132.34 |
| GUILLERMA | PAREDES | 3/31/2021 | 3/31/2024 | $42,898.30 | $42,898.30 | $85,796.60 |
| RENATO | PAREDES | 10/31/2022 | 10/31/2023 | $3,068.47 | $3,068.47 | $6,136.94 |
| JUDELIZA | PASTORFIDE | 2/29/2024 | 3/31/2024 | $2,863.90 | $2,863.90 | $5,727.80 |
| BRENDA | REBOLLEDO | 3/31/2021 | 11/30/2022 | $6,718.04 | $6,718.04 | $13,436.08 |
| FADHI | SALVADOR | 6/30/2021 | 3/31/2024 | $12,422.34 | $12,422.34 | $24,844.68 |
| JONATHAN | SAMONTE | 3/31/2024 | 3/31/2024 | $27,492.01 | $27,492.01 | $54,984.02 |
| MARIA ROSARIO | SAMONTE | 3/31/2021 | 4/30/2023 | $25,348.35 | $25,348.35 | $50,696.70 |
| EDGARDO | SANTOS | 3/31/2021 | 4/30/2021 | $3,069.71 | $3,069.71 | $6,139.42 |
| JESUS | SARMIENTO JR | 6/30/2022 | 7/31/2024 | $2,602.68 | $2,602.68 | $5,205.36 |
| WILFREDO | SINGUEO | 2/28/2022 | 6/30/2024 | $8,004.56 | $8,004.56 | $16,009.12 |
| EUGENE | SUPNET | 2/29/2024 | 2/29/2024 | $1,623.69 | $1,623.69 | $3,247.38 |
| KENNETH | TAN | 6/30/2021 | 7/31/2022 | $18,753.40 | $18,753.40 | $37,506.80 |
| ROSELLE MAY | TAN | 3/31/2021 | 3/31/2024 | $53,090.94 | $53,090.94 | $106,181.88 |
| CARLITO | TAN JR | 3/31/2021 | 3/31/2024 | $17,393.25 | $17,393.25 | $34,786.50 |
| ARMANDO | TONGOL | 4/30/2022 | 5/31/2022 | $3,396.24 | $3,396.24 | $6,792.48 |
| TERESITA | TONGOL | 5/31/2022 | 6/30/2022 | $3,139.94 | $3,139.94 | $6,279.88 |
| GLORIA | TROPICALES | 4/30/2021 | 3/31/2024 | $41,929.42 | $41,929.42 | $83,858.84 |
| EDWARD BLAY | VELASQUEZ | 3/31/2021 | 3/31/2024 | $38,090.22 | $38,090.22 | $76,180.44 |

| First Name | Last Name | BW Start Date | BW End Date | Total BWs Due | Total LDs Due | Total Amount Due |
|---|---|---|---|---|---|---|
| BRUCE NICHOLE JOHN | VERGARA | 3/31/2021 | 3/31/2022 | $12,803.90 | $12,803.90 | $25,607.80 |
| FERMIN | AGRISOLA | 9/30/2021 | 2/28/2024 | $6,450.76 | $6,450.76 | $12,901.52 |
| FERMIN JASON | AGRISOLA II | 7/31/2022 | 3/31/2024 | $18,324.98 | $18,324.98 | $36,649.96 |
| ACELITA DEL | ALCAZAR | 2/28/2022 | 5/31/2022 | $6,279.88 | $6,279.88 | $12,559.76 |
| PATRICE ANTHONY | AMON | 3/31/2021 | 2/28/2024 | $9,034.29 | $9,034.29 | $18,068.58 |
| EDUARDO | BULIWAN | 10/31/2022 | 10/31/2022 | $1,057.36 | $1,057.36 | $2,114.72 |
| JEAN PAUL | BUNDALIAN | 2/28/2024 | 2/28/2024 | $1,623.69 | $1,623.69 | $3,247.38 |
| LYNBETH | CARLOS | 11/30/2023 | 11/30/2023 | $1,498.50 | $1,498.50 | $2,997.00 |
| MARISSA | CARREON | 7/31/2022 | 8/31/2023 | $15,691.41 | $15,691.41 | $31,382.82 |
| WILLIAM | CARREON | 6/30/2022 | 8/31/2023 | $17,450.88 | $17,450.88 | $34,901.76 |
| STINELI | CHAVEZ | 2/28/2023 | 8/31/2023 | $4,495.50 | $4,495.50 | $8,991.00 |
| DIONISIO | ESTEVES | 3/31/2021 | 2/29/2024 | $22,244.25 | $22,244.25 | $44,488.50 |
| MARIO | FIGURACION JR | 4/30/2021 | 9/30/2022 | $16,958.65 | $16,958.65 | $33,917.30 |
| GENESIS | FRANCIA | 5/31/2023 | 2/29/2024 | $11,955.22 | $11,955.22 | $23,910.44 |
| DANILO | MANALO | 3/31/2021 | 2/28/2024 | $26,610.93 | $26,610.93 | $53,221.86 |
| JERRYSON | MANI | 5/31/2022 | 8/31/2022 | $5,972.17 | $5,972.17 | $11,944.34 |
| RODELIO | MARQUEZ | 2/28/2023 | 3/31/2024 | $17,084.61 | $17,084.61 | $34,169.22 |
| FRANCIS | PASTORFIDE | 3/31/2021 | 3/31/2024 | $31,699.74 | $31,699.74 | $63,399.48 |
| CHRISTIAN | REYES | 2/28/2024 | 2/28/2024 | $1,623.69 | $1,623.69 | $3,247.38 |
| APHOL JAY | SALVADOR | 3/31/2021 | 2/28/2024 | $38,891.10 | $38,891.10 | $77,782.20 |
| RUDY | SANTOS | 3/31/2021 | 11/30/2022 | $7,214.20 | $7,214.20 | $14,428.40 |
| VENUS | SISON | 3/31/2021 | 5/31/2021 | $4,631.81 | $4,631.81 | $9,263.62 |
| | | | Total | $1,220,574.10 | $1,220,574.10 | $2,441,148.20 |

CONSENT JUDGMENT AND ORDER
Case No. 5:25-cv-00073

20

# EXHIBIT 2

## Payment Schedule

| PMT NO. | PAYMENT DATE | PRINCIPAL | INTEREST | TOTAL PAYMENT DUE | PAYMENT ALLOCATED TOWARD |
|---|---|---|---|---|---|
| 1 | 4/20/2025 | $39,285.98 | $5,000.00 | $44,285.98 | Liquidated Damages ("LD") |
| 2 | 5/20/2025 | $39,416.93 | $4,869.05 | $44,285.98 | LD |
| 3 | 6/20/2025 | $39,548.32 | $4,737.66 | $44,285.98 | LD |
| 4 | 7/20/2025 | $39,680.15 | $4,605.83 | $44,285.98 | LD |
| 5 | 8/20/2025 | $39,812.42 | $4,473.56 | $44,285.98 | LD |
| 6 | 9/20/2025 | $39,945.12 | $4,340.85 | $44,285.98 | LD |
| 7 | 10/20/2025 | $40,078.27 | $4,207.70 | $44,285.98 | LD |
| 8 | 11/20/2025 | $40,211.87 | $4,074.11 | $44,285.98 | LD / Back Wages ("BW") |
| 9 | 12/20/2025 | $40,345.91 | $3,940.07 | $44,285.98 | BW |
| 10 | 1/20/2026 | $40,480.39 | $3,805.58 | $44,285.98 | BW |
| 11 | 2/20/2026 | $40,615.33 | $3,670.65 | $44,285.98 | BW |
| 12 | 3/20/2026 | $40,750.71 | $3,535.26 | $44,285.98 | BW |
| 13 | 4/20/2026 | $40,886.55 | $3,399.43 | $44,285.98 | BW |
| 14 | 5/20/2026 | $41,022.84 | $3,263.14 | $44,285.98 | BW |
| 15 | 6/20/2026 | $41,159.58 | $3,126.40 | $44,285.98 | BW |
| 16 | 7/20/2026 | $41,296.78 | $2,989.20 | $44,285.98 | BW |
| 17 | 8/20/2026 | $41,434.43 | $2,851.54 | $44,285.98 | BW |
| 18 | 9/20/2026 | $41,572.55 | $2,713.43 | $44,285.98 | BW |
| 19 | 10/20/2026 | $41,711.12 | $2,574.85 | $44,285.98 | BW |
| 20 | 11/20/2026 | $41,850.16 | $2,435.82 | $44,285.98 | BW |
| 21 | 12/20/2026 | $41,989.66 | $2,296.32 | $44,285.98 | BW |
| 22 | 1/20/2027 | $42,129.63 | $2,156.35 | $44,285.98 | BW |
| 23 | 2/20/2027 | $42,270.06 | $2,015.92 | $44,285.98 | BW |
| 24 | 3/20/2027 | $42,410.96 | $1,875.02 | $44,285.98 | BW |
| 25 | 4/20/2027 | $42,552.33 | $1,733.65 | $44,285.98 | BW |
| 26 | 5/20/2027 | $42,694.17 | $1,591.81 | $44,285.98 | BW |
| 27 | 6/20/2027 | $42,836.48 | $1,449.49 | $44,285.98 | BW |
| 28 | 7/20/2027 | $42,979.27 | $1,306.70 | $44,285.98 | BW |
| 29 | 8/20/2027 | $43,122.54 | $1,163.44 | $44,285.98 | BW |
| 30 | 9/20/2027 | $43,266.28 | $1,019.70 | $44,285.98 | BW |
| 31 | 10/20/2027 | $43,410.50 | $875.48 | $44,285.98 | BW |
| 32 | 11/20/2027 | $43,555.20 | $730.78 | $44,285.98 | BW |

| PMT NO. | PAYMENT DATE | PRINCIPAL | INTEREST | TOTAL PAYMENT DUE | PAYMENT ALLOCATED TOWARD |
|---|---|---|---|---|---|
| 33 | 12/20/2027 | $43,700.39 | $585.59 | $44,285.98 | BW |
| 34 | 1/20/2028 | $43,846.05 | $439.92 | $44,285.98 | BW |
| 35 | 2/20/2028 | $43,992.21 | $293.77 | $44,285.98 | BW |
| 36 | 3/20/2028 | $44,138.85 | $147.13 | $44,285.98 | BW |
| | **TOTAL** | **$1,500,000.00** | **$94,295.19** | **$1,594,295.19** | |

EXHIBIT 3

# **<u>NOTICE OF EMPLOYEE RIGHTS</u>**

The U.S. Department of Labor ("DOL") has investigated Tolentino & Tolentino Partners dba Howard Home; Aizabel Home, Inc.; Alyza Home, Inc., Gala Home, Inc., Gypsum Creek Homes, Inc., Maria Lilian Tolentino, and Judy Tolentino and found violations of the Fair Labor Standards Act. These employers have reached a settlement with the DOL and agreed to pay the amounts found due to workers.

<u>YOUR IMMIGRATION STATUS DOES NOT MATTER AND DOES NOT IMPACT YOUR WORKPLACE RIGHTS</u>

<u>You have legal rights under the Fair Labor Standards Act, including:</u>

➤ The right to be paid at least the minimum wage for all hours that you work; and
➤ The right to be paid overtime at a rate of 1.5 times your regular rate for all hours that you work over 40 hours in a workweek.
➤ The right to complain about your wages to your employer or the DOL without suffering any negative actions from your employer or anyone else.

Your employer must pay you for all the hours you work. This includes all the time you perform work at the home and any time when you are required to stay in the home.

If you receive a payment as part of this settlement, you have the right to keep the payment in full. No one is allowed to ask you to return any part of that payment to your employer.

If you think your employer has not correctly paid you or has violated your rights, please contact the Department of Labor at 1-866-487-9243**.**

**Your employer is prohibited from taking any negative action against you because you contacted the Labor Department.**

# EXHIBIT 4

# EXHIBIT 5

# EXHIBIT 6

# EXHIBIT 7