MARC A. PILOTIN
Regional Solicitor
KATHERINE E. CAMERON
Associate Regional Solicitor
TARA STEARNS (CSBN 291130)
Senior Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
90 7th St., Suite 3-700
San Francisco, CA 94103
Telephone: (202) 961-5737
Stearns.Tara.E@dol.gov
*Attorneys for Plaintiff*
*Acting United States Secretary of Labor*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT N. MICONE III, Acting Secretary of Labor, United States Department of Labor,<br><br>                              Plaintiff[1],<br><br>        v.<br><br>TOLENTINO & TOLENTINO PARTNERS DBA HOWARD HOME, a partnership; AIZABEL HOME, INC., a corporation; ALYZA HOME, INC., a corporation; GALA HOME, INC., a corporation; GYPSUM CREEK HOMES, INC., a corporation; MARIA LILIAN TOLENTINO, an individual; JUDY TOLENTINO, an individual; RAMON TOLENTINO; and ANGELES MARQUEZ, an individual.<br><br>                              Defendants. | Case No.  5:25-cv-00073<br><br>**AMENDED CONSENT JUDGMENT AND ORDER** |

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Vincent N. Micone, III is substituted in for Julie A. Su, who resigned on January 20, 2025.

Plaintiff VINCENT N. MICONE III, Acting Secretary of Labor ("the Acting Secretary"), United States Department of Labor, and Defendants TOLENTINO & TOLENTINO PARTNERS DBA HOWARD HOME; AIZABEL HOME, INC.; ALYZA HOME, INC.; GALA HOME, INC.; GYPSUM CREEK HOMES, INC.; MARIA LILIAN TOLENTINO; JUDY TOLENTINO; RAMON TOLENTINO; and ANGELES MARQUEZ ("Defendants") have agreed to resolve the matters in controversy in this civil action and agree to the entry of this Consent Judgment and Order as provided below.

## STATEMENTS BY THE PARTIES

A.    The Acting Secretary filed a Complaint alleging that Defendants violated Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 211(c), 215(a)(2), and 215(a)(5).

B.    Defendants acknowledges receipt of the Acting Secretary's Complaint and waive service of the Summons.

C.    Defendants waive their answer to the Complaint.

D.    Defendants admit that the Court has jurisdiction over the Parties and the subject matter of this civil action, and that venue lies in the Central District of California.

E.    The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment and Order without further contest.

F.    Defendants agree herein to resolve all allegations against them in the Acting Secretary's Complaint.

G.    Defendants represent that they and all individuals and entities acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment and Order.

H.    Defendants admit that at all relevant times, they operated residential care facilities in Los Angeles County, California and that these activities constituted an enterprise engaged in commerce or in the production of goods for

commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

I.    Defendants admit that at all relevant times they were the employers of employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), including the employees identified in **Exhibit 1** to this Consent Judgment, which is incorporated in and made part of this Consent Judgment and Order.

J.    Defendants admit that they have violated Section 7 of the FLSA, 29 U.S.C. § 207, by failing to pay overtime to employees identified on **Exhibit 1** who worked more than 40 hours in a work week.

K.    Defendants admit that they have violated Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), by failing to keep accurate records of hours worked by employees identified on **Exhibit 1**.

L.    Defendants agree that, within 30 days of entry of this Consent Judgment, they will classify all individuals who work in their residential care facilities, including current workers listed on **Exhibit 1,** as employees within the meaning of the term "employee" under the Section 3(e) of the FLSA, 29 U.S.C. § 203(e). Further, Defendants agree that they will afford all such individuals all protections and safeguards guaranteed under the FLSA. Defendants further represent and agree that they will classify as employees any individuals in the future who perform duties that are operationally consistent with or substantially similar to those of the individuals currently working in their residential care facilities.

## **PERMANENT INJUNCTION**

Pursuant to the statements and agreements above, upon joint motion of the attorneys for the Parties, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, and all persons and entities acting in active concert or

participation with them, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1.      Defendants shall not, contrary to FLSA Sections 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), employ any employees who in any workweek are engaged in commerce, within the meaning of FLSA Section 3, 29 U.S.C. § 203 or are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA Section 3, 29 U.S.C. § 203, for any workweek longer than 40 hours unless such employees receive compensation for their employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which they are employed.

2.      Defendants shall not, contrary to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a), fail to make, keep, and preserve accurate records of employees and of the wages, hours, and other conditions and practices of employment maintained by Defendants, as required by these statutory provisions and the implementing regulations at 29 C.F.R. Part 516, and make such records available to authorized agents of the Acting Secretary for inspection, transcription, and/or copying, upon their demand for such access.

3.      Defendants shall not, contrary to FLSA Section 15(a)(3), 29 U.S.C. § 215(a)(3), discharge or in any manner discriminate against any employee because such employee has or is believed to have filed any wage complaint, including to Defendants, or has instituted or caused to be instituted any proceeding under the FLSA, or has provided information to the U.S. Department of Labor in any such proceeding.

4.      Defendants shall not, contrary to FLSA Section 15(a)(3), 29 U.S.C. § 215(a)(3), in any way, directly or indirectly, solicit, demand, require, or accept the return of any of the back wages or liquidated damages required to be paid under this Consent Judgment and Order from the individuals listed on the attached **Exhibit 1** or any future wages paid to employees in their residential are facilities;

nor shall Defendants threaten or imply that adverse action will be taken against any employee because of their receipt of funds to be paid under this Consent Judgment and Order.

5.    Defendants shall not, jointly and severally, withhold payment of $ 1,220,574.10 (One million two hundred twenty thousand five hundred seventy four dollars and ten cents) which constitutes the overtime back wages found to be due by the Defendants under the FLSA to the employees, as a result of their employment by Defendants during the periods identified and to the employees named in **Exhibit 1** in the amounts set forth herein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, and all persons and entities acting in active concert or participation with them, shall take the affirmative actions:

6.    Within 30 days of the date of entry of this Consent Judgment and Order, Defendants shall provide the last known contact information (including home address, mobile phone number, and email address) of each individual listed in **Exhibit 1** to the Acting Secretary by emailing this information to Siriporn Poondee, Assistant District Director (ADD), Wage and Hour Division - Los Angeles District Office at poondee.siriporn@dol.gov. If Defendants learn that the contact information of any individual listed on **Exhibit 1** changes in the next three years, Defendants shall email the updated contact information to ADD Poondee or another representative designated by the Acting Secretary.

7.    Within 30 days of the date of entry of this Consent Judgment and Order, Defendants shall provide a copy of this Consent Judgment and Order to all individuals listed in **Exhibit 1**.

8.    Within 30 days of the date of entry of this Consent Judgment and Order, Defendants shall post the notice attached as **Exhibit 3** in a place that is visible to employees at all their residential care facilities.

9.      Defendants shall utilize a reliable timekeeping system, such as a time clock, at each of their residential care facilities. Defendants shall use this system to accurately record the daily and weekly hours that employees work at the facilities. Defendants shall train and require employees to clock in and out at the beginning and end of each shift, and at the beginning and end of any uninterrupted meal and break period of 30 minutes or more. Defendants shall also train and require employees to clock in and out at the beginning and end of each time period in which employees are required to remain on the premises of the residential care facilities. Defendants shall further train and require employees to record any additional hours that employees work outside of their shifts (for example, assisting with patient care at night), either by clocking in and out before and after performing such work or making a written record of the time spent performing the unscheduled work.

## **JUDGMENT AND ORDER**

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), in favor of Plaintiff Acting Secretary of Labor as a judgment owed to the United States of America and against all Defendants TOLENTINO & TOLENTINO PARTNERS DBA HOWARD HOME; AIZABEL HOME, INC.; ALYZA HOME, INC.; GALA HOME, INC.; GYPSUM CREEK HOMES, INC.; MARIA LILIAN TOLENTINO; JUDY TOLENTINO; RAMON TOLENTINO; and ANGELES MARQUEZ, jointly and severally, in the total amount of **$2,500,000.00** (Two million five hundred thousand dollars), comprised of: $1,220,574.10 (One million two hundred twenty thousand five hundred seventy-four dollars and ten cents) in unpaid overtime back wages owed under FLSA Sections 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2); $1,220,574.10 (One million two hundred twenty thousand five hundred seventy-four dollars and ten cents) as liquidated damages pursuant to FLSA § 16(c), 29 U.S.C. § 216(c); and $58,851.80 (fifty-eight thousand eight hundred fifty-one

dollars and eighty cents) in FLSA civil monetary penalties pursuant to FLSA
Section 16(e)(2), 29 U.S.C. § 216(e)(2). The civil money penalties are assessed
against Defendants pursuant to FLSA Section 16(e), 29 U.S.C. § 216(e).
Defendants waive the right to a hearing with respect to this assessment of civil
money penalties.

Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT:**

10.    To satisfy the judgment, Defendants shall make payments to the
Acting Secretary as follows:

a.    Defendant shall make two initial payments totaling
$1,000,000.00 (One million dollars) to the Acting Secretary by March
20, 2025. The first payment shall be in the amount of $58,851.80 and
shall be allocated toward the civil monetary penalties owed under this
Consent Judgment and Order. The second payment shall be in the
amount of $941,148.20 and shall be allocated toward the liquidated
damages owed under this Consent Judgment and Order.

b.    Defendants shall pay the remaining balance of $1,500,000.00
(One million five hundred thousand dollars) plus interest at a rate of
4% according to the payment schedule attached as **Exhibit 2**. The
payments shall be allocated toward back wages and/or liquidated
damages as set forth in **Exhibit 2**.

c.    Defendants shall make the civil monetary penalty payment
required by this Consent Judgment and Order online by ACH transfer,
credit card, debit card, or digital wallet using the "WHD Civil
Monetary Penalty – WE Region" form available at
https://www.pay.gov/public/form/start/77743734. The payment shall
reference **Case Number 1993510.**

d.    Defendants shall make the back wage and liquidated damages
payments required by this Consent Judgment and Order online by

ACH transfer, credit card, debit card, or digital wallet by using the "WHD Back Wage Payment Form – Western Region" form available at https://www.pay.gov/public/form/start/77761888.  The payment shall reference **Case Number 1993510.**

11.    Defendants, at their discretion, may increase the total amount due by March 20, 2025, as specified in ¶ 10.a, by increasing the liquidated damages payment described therein such that the total initial payments equal more than $1,000,000.000. In that event, the Acting Secretary shall revise the payment schedule attached as **Exhibit 2** to reflect the lower balance remaining, and the Acting Secretary shall file an Amended Exhibit 2.

12.    After making the initial payments due by March 20, 2025, Defendants, at their discretion, may at any time pay in full to the Acting Secretary the total remaining balance of back wages and liquidated damages due under this Consent Judgment and Order, plus any interest accrued through that date. If Defendants elect this option, Defendants shall be relieved of any future obligations under the payment schedule attached as **Exhibit 2**.

13.    Within fourteen (14) days of entry of this Consent Judgment and Order, Defendant Maria Lilian Tolentino shall execute the deed of trust attached as **Exhibit 4** to this Consent Judgment and Order to secure the payments described in ¶ 10 above and in **Exhibit 2**. The deed of trust shall be recorded against the real property commonly known as 1425 Ethel St., Glendale, CA 91207 ("1425 Ethel"). Defendant Maria Lilian Tolentino attests under penalty of perjury that she is the sole owner of 1425 Ethel and has authority to execute the deed of trust attached in **Exhibit 4**. Defendant Maria Lilian Tolentino further attests under penalty of perjury that 1425 Ethel is not encumbered except for a mortgage in the original principal amount of $900,000.00 from Brighten Lending recorded on April 1, 2022, as document number 20220365809.  The Acting Secretary shall record the deed of trust attached as **Exhibit 4** once signed.  Defendant Maria Lilian Tolentino

agrees not to further encumber 1425 Ethel until the deed of trust is recorded, with the exception of a home equity line of credit to fund this settlement. Within fourteen (14) business days of the date that all payments due under this Consent Judgment and Order have been made, the Acting Secretary shall execute a full reconveyance and provide it to Defendant Maria Lilian Tolentino.

14.    Within fourteen (14) days of entry of this Consent Judgment and Order, Defendant Maria Lilian Tolentino shall execute the deed of trust attached as **Exhibit 5** to secure the payments described in ¶ 10 above and in **Exhibit 2**. The deed of trust shall be recorded against the real property commonly known as 4361 Howard St., Montclair, CA 91763 ("4361 Howard"). Defendant Maria Lilian Tolentino attests under penalty of perjury that she is the sole owner of 4361 Howard and has authority to execute the deed of trust attached in **Exhibit 5**. Defendant Maria Lilian Tolentino further attests under penalty of perjury that 4361 Howard is not encumbered except for a mortgage in the original principal amount of $472,500.00 from Brighten Lending recorded on May 3, 2022 as document number 2022-0166640.  The Acting Secretary shall record the deed of trust attached as **Exhibit 5** once signed.  Defendant Maria Lilian Tolentino agrees not to further encumber 4361 Howard until the deed of trust is recorded, with the exception of a home equity line of credit to fund this settlement. Within fourteen (14) business days of the date that all payments due under this Consent Judgment and Order have been made, the Acting Secretary shall execute a full reconveyance and provide it to Defendant Maria Lilian Tolentino.

15.    Within fourteen (14) days of entry of this Consent Judgment and Order, Defendant Maria Lilian Tolentino shall execute the deed of trust attached as **Exhibit 6** to secure the payments described in ¶ 10 above and in **Exhibit 2**. The deed of trust shall be recorded against the real property commonly known as 5062 Rodeo St., Montclair, CA 91763 ("5062 Rodeo"). Defendant Maria Lilian Tolentino attests under penalty of perjury that she is the sole owner of 5062 Rodeo

and has authority to execute the deed of trust attached in **Exhibit 6**. Defendant Maria Lilian Tolentino further attests under penalty of perjury that 5062 Rodeo is not encumbered except for a mortgage in the original principal amount of $528,000.00 from Brighten Lending recorded on May 4, 2022, as document number 2022-0166870. The Acting Secretary shall record the deed of trust attached as **Exhibit 6** once signed. Defendant Maria Lilian Tolentino agrees not to further encumber 5062 Rodeo until the deed of trust is recorded, with the exception of a home equity line of credit to fund this settlement. Within fourteen (14) business days of the date that all payments due under this Consent Judgment and Order have been made, the Acting Secretary shall execute a full reconveyance and provide it to Defendant Maria Lilian Tolentino.

16.    Within fourteen (14) days of entry of this Consent Judgment and Order, Defendant Maria Lilian Tolentino shall execute the deed of trust attached as **Exhibit 7** to secure the payments described in ¶ 10 above and in **Exhibit 2**. The deed of trust shall be recorded against the real property commonly known as 10986 S. Gala Ln., Ontario, CA 91762 ("10986 S. Gala"). Defendant Maria Lilian Tolentino attests under penalty of perjury that she is the sole owner of 10986 S. Gala and has authority to execute the deed of trust attached in **Exhibit 7**. Defendant Maria Lilian Tolentino further attests under penalty of perjury that 10986 S. Gala is not encumbered except for a mortgage in the original principal amount of $557,00.00 from Brighten Lending recorded on February 10, 2022, as document number 2022-0055622. The Acting Secretary shall record the deed of trust attached as **Exhibit 7** once signed. Defendant Maria Lilian Tolentino agrees not to further encumber 10986 S. Gala until the deed of trust is recorded, with the exception of a home equity line of credit to fund this settlement. Within fourteen (14) business days of the date that all payments due under this Consent Judgment and Order have been made, the Acting Secretary shall execute a full reconveyance and provide it to Defendant Maria Lilian Tolentino.

17.     Defendant Maria Lilian Tolentino attests under penalty of perjury that the properties identified in ¶¶ 13-16 above together have sufficient total equity to secure the $1,500,000.00 balance of this Judgment that will remain after the March 20, 2025 payment, plus interest as set forth in **Exhibit 2**.

18.     In the event of any default in the timely making of any payment due hereunder, the full judgment amount which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of Defendants' default until paid in full, shall become due and payable upon the Acting Secretary's sending by ordinary mail a written demand to the last available addresses of Defendants then known to the Acting Secretary with electronic copies also concurrently e-served on Defendants and, if applicable, their counsel.

19.     The Acting Secretary shall distribute the back wages and liquidated damages payments described in ¶ 10, less deductions for employees' share of payroll taxes and for employees' income tax withholding on the back wage amounts, to the employees identified in **Exhibit 1**, or if necessary, to the employees' estates.  If any monies are not distributed to employees within three (3) years from the date of the Acting Secretary's receipt of final payment, because of an inability to locate the proper persons or because of their refusal to accept it, the Acting Secretary shall deposit the money into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c).

**FURTHER, IT IS HEREBY ORDERED THAT:**

20.     The filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to any individual not named on the attached **Exhibit 1**, nor as to any individual named on **Exhibit 1** for any time period not included in **Exhibit 1**.

21.     Each Party shall bear its own fees and other expenses incurred by such Party in connection with any stage of this proceeding, including but not limited to

attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

22.    The Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

IT IS SO ORDERED

Dated: _____ February 26 , 2025

_____

Hon. Kenly Kiya Kato
United States District Judge

*Consented to by:*

FOR PLAINTIFF:

EMILY SU
Deputy Solicitor of National Operations

MARC A. PILOTIN
Regional Solicitor

KATHERINE E. CAMERON
Associate Regional Solicitor


*/s/ Tara Stearns*                                    Date: February 13, 2025
Tara Stearns
Senior Trial Attorney
Attorneys for Plaintiff
United States Acting Secretary of Labor

**FOR DEFENDANTS:**

_____    Date: ___2/11/2025___

**TOLENTINO & TOLENTINO PARTNERS**
**DBA HOWARD HOME**

By: Ma. Lilian Tolentino & Judy Tolentino
    Printed name

Its: ___Licensee / Owner___
    Title

_____    Date: ___2/11/2025___

**AIZABEL HOME, INC.**

By: Ma. Lilian Tolentino
    Printed name

Its: ___CEO___
    Title

_____    Date: ___2/11/2025___

**ALYZA HOME, INC.**

By: Ma. Lilian Tolentino
    Printed name

Its: ___CEO___

_____    Date: ___2/11/2025___

**GALA HOME, INC.**

By: Ma. Lilian Tolentino
    Printed name

Its: ___Sole Proprietor___

_____    Date: ___2/11/2025___

**GYPSUM CREEK HOMES, INC.,**

By: ___Angeles Marquez___
    Printed name

_____       Date: __2/11/2025__
**MARIA LILIAN TOLENTINO**

_____       Date: __2/11/2025__
**JUDY TOLENTINO**

_____       Date: __2/11/2025__
**RAMON TOLENTINO**

_____       Date: __2/11/2025__
**ANGELES MARQUEZ**
*Approved as to form:*

_____       Date: 2/13/2025
Jerry Kaplan
**Joseph Benincasa**
Kaplan, Kenegos & Kadin
9150 Wilshire Blvd., Suite 175
Beverly Hills, CA 90212
**Counsel for Defendants**

**FOR PLAINTIFF:**

Solicitor of Labor

**MARC A. PILOTIN**
**Regional Solicitor**

**KATHERINE E. CAMERON**
**Associate Regional Solicitor**

_____       Date: _____
**Tara Stearns**
**Senior Trial Attorney**

# **EXHIBIT 1**

| First Name | Last Name | BW Start Date | BW End Date | Total BWs Due | Total LDs Due | Total Amount Due |
|---|---|---|---|---|---|---|
| SHELLA MAE | ABELLO | 8/31/2022 | 3/31/2023 | $5,709.33 | $5,709.33 | $11,418.66 |
| ARMANDO | ALCALA | 4/30/2021 | 9/30/2022 | $21,744.59 | $21,744.59 | $43,489.18 |
| DARYL | ALVAREZ | 3/31/2021 | 9/30/2021 | $9,360.18 | $9,360.18 | $18,720.36 |
| DANERICK | APELADO | 3/31/2021 | 11/30/2023 | $32,659.67 | $32,659.67 | $65,319.34 |
| MARLON | BAGUINO | 3/31/2021 | 3/31/2024 | $12,401.23 | $12,401.23 | $24,802.46 |
| SONNY | BARBATO | 3/31/2022 | 7/31/2022 | $7,429.41 | $7,429.41 | $14,858.82 |
| KARL LEO | BELTRAN | 8/31/2023 | 11/30/2023 | $5,994.01 | $5,994.01 | $11,988.02 |
| JAMES | BLANCO | 2/28/2023 | 3/31/2024 | $16,805.35 | $16,805.35 | $33,610.70 |
| XANTIPPE | BORJA | 3/31/2021 | 3/31/2024 | $16,829.00 | $16,829.00 | $33,658.00 |
| JESSIE | BORRES | 4/30/2021 | 2/29/2024 | $34,481.97 | $34,481.97 | $68,963.94 |
| MA VICTORIA | BORRES | 3/31/2021 | 11/30/2021 | $10,101.54 | $10,101.54 | $20,203.08 |
| VIRGILIO | BUGNOT | 3/31/2021 | 3/31/2024 | $25,998.96 | $25,998.96 | $51,997.92 |
| VIRGINIA | BURON | 2/28/2023 | 2/28/2023 | $1,498.50 | $1,498.50 | $2,997.00 |
| RUDOLFO | CABIGTING | 3/31/2021 | 3/31/2023 | $22,259.74 | $22,259.74 | $44,519.48 |
| FRANCISCO | CAUBALEJO | 9/30/2021 | 6/30/2022 | $10,823.84 | $10,823.84 | $21,647.68 |
| MARGARITA | CAUBALEJO | 9/30/2021 | 6/30/2022 | $10,489.53 | $10,489.53 | $20,979.06 |
| ROY | DURANGPARANG | 3/31/2021 | 2/28/2024 | $36,641.34 | $36,641.34 | $73,282.68 |
| JOSELITO | EMRALINO | 4/30/2021 | 3/31/2024 | $31,892.21 | $31,892.21 | $63,784.42 |
| CHRISTIENE | ESTREMUS | 3/31/2021 | 8/31/2023 | $36,071.05 | $36,071.05 | $72,142.10 |
| SHAIRA | EVANGELIO | 4/30/2023 | 2/29/2024 | $12,421.94 | $12,421.94 | $24,843.88 |
| MARCIAL | FERNANDO | 3/31/2024 | 3/31/2024 | $1,545.02 | $1,545.02 | $3,090.04 |
| MICHAELA | FERRER | 3/31/2021 | 3/31/2024 | $43,939.43 | $43,939.43 | $87,878.86 |
| ANTHONY | FONG | 7/31/2022 | 3/31/2023 | $12,813.38 | $12,813.38 | $25,626.76 |
| LIEZL DE | GUZMAN | 3/31/2021 | 7/31/2022 | $22,935.66 | $22,935.66 | $45,871.32 |
| ANNIE ROSE | INCISO | 9/30/2022 | 3/31/2024 | $21,515.26 | $21,515.26 | $43,030.52 |
| MANOLITO | JOSE | 11/30/2023 | 11/30/2023 | $1,498.50 | $1,498.50 | $2,997.00 |
| MARIA MARIAN | MABUHAY | 3/31/2021 | 6/30/2021 | $4,604.56 | $4,604.56 | $9,209.12 |
| EVELYN | MACNI | 7/31/2022 | 11/30/2023 | $6,601.72 | $6,601.72 | $13,203.44 |
| MARIAN JUDITH ISABEL | MANAOG | 9/30/2022 | 3/31/2024 | $16,897.83 | $16,897.83 | $33,795.66 |
| RODELIO | MARQUEZ | 3/31/2024 | 3/31/2024 | $1,306.42 | $1,306.42 | $2,612.84 |
| MARIA GOLDA | MEDIANTE | 11/30/2023 | 3/31/2024 | $3,122.19 | $3,122.19 | $6,244.38 |
| GENEMAR | MONZAGA | 8/31/2022 | 3/31/2024 | $23,281.88 | $23,281.88 | $46,563.76 |
| JEFFREN | MUNGCAL | 8/31/2021 | 11/30/2021 | $4,687.14 | $4,687.14 | $9,374.28 |
| RAMON | OBLIGACION | 3/31/2021 | 7/31/2022 | $16,963.50 | $16,963.50 | $33,927.00 |
| AURI BLAY N | OQUISUMBING | 3/31/2021 | 10/31/2023 | $39,040.01 | $39,040.01 | $78,080.02 |
| MAURA | PANGANIBAN | 3/31/2021 | 3/31/2024 | $7,015.37 | $7,015.37 | $14,030.74 |
| NOEL | PANGANIBAN | 3/31/2024 | 3/31/2024 | $1,623.69 | $1,623.69 | $3,247.38 |

| First Name | Last Name | BW Start Date | BW End Date | Total BWs Due | Total LDs Due | Total Amount Due |
|---|---|---|---|---|---|---|
| ASTERIA | PAREDES | 3/31/2021 | 3/31/2024 | $38,066.17 | $38,066.17 | $76,132.34 |
| GUILLERMA | PAREDES | 3/31/2021 | 3/31/2024 | $42,898.30 | $42,898.30 | $85,796.60 |
| RENATO | PAREDES | 10/31/2022 | 10/31/2023 | $3,068.47 | $3,068.47 | $6,136.94 |
| JUDELIZA | PASTORFIDE | 2/29/2024 | 3/31/2024 | $2,863.90 | $2,863.90 | $5,727.80 |
| BRENDA | REBOLLEDO | 3/31/2021 | 11/30/2022 | $6,718.04 | $6,718.04 | $13,436.08 |
| FADHI | SALVADOR | 6/30/2021 | 3/31/2024 | $12,422.34 | $12,422.34 | $24,844.68 |
| JONATHAN | SAMONTE | 3/31/2021 | 3/31/2024 | $27,492.01 | $27,492.01 | $54,984.02 |
| MARIA ROSARIO | SAMONTE | 3/31/2021 | 4/30/2023 | $25,348.35 | $25,348.35 | $50,696.70 |
| EDGARDO | SANTOS | 3/31/2021 | 4/30/2021 | $3,069.71 | $3,069.71 | $6,139.42 |
| JESUS | SARMIENTO JR | 6/30/2022 | 7/31/2022 | $2,602.68 | $2,602.68 | $5,205.36 |
| WILFREDO | SINGUEO | 2/28/2022 | 6/30/2022 | $8,004.56 | $8,004.56 | $16,009.12 |
| EUGENE | SUPNET | 2/29/2024 | 2/29/2024 | $1,623.69 | $1,623.69 | $3,247.38 |
| KENNETH | TAN | 6/30/2021 | 7/31/2022 | $18,753.40 | $18,753.40 | $37,506.80 |
| ROSELLE MAY | TAN | 3/31/2021 | 3/31/2024 | $53,090.94 | $53,090.94 | $106,181.88 |
| CARLITO | TAN JR | 3/31/2021 | 3/31/2024 | $17,393.25 | $17,393.25 | $34,786.50 |
| ARMANDO | TONGOL | 4/30/2022 | 5/31/2022 | $3,396.24 | $3,396.24 | $6,792.48 |
| TERESITA | TONGOL | 5/31/2022 | 6/30/2022 | $3,139.94 | $3,139.94 | $6,279.88 |
| GLORIA | TROPICALES | 4/30/2021 | 3/31/2024 | $41,929.42 | $41,929.42 | $83,858.84 |
| EDWARD BLAY | VELASQUEZ | 3/31/2021 | 3/31/2024 | $38,090.22 | $38,090.22 | $76,180.44 |
| BRUCE NICHOLE JOHN | VERGARA | 3/31/2021 | 3/31/2022 | $12,803.90 | $12,803.90 | $25,607.80 |
| FERMIN | AGRISOLA | 9/30/2021 | 2/28/2024 | $6,450.76 | $6,450.76 | $12,901.52 |
| FERMIN JASON | AGRISOLA II | 7/31/2022 | 3/31/2024 | $18,324.98 | $18,324.98 | $36,649.96 |
| ACELITA DEL | ALCAZAR | 2/28/2022 | 5/31/2022 | $6,279.88 | $6,279.88 | $12,559.76 |
| PATRICE ANTHONY | AMON | 3/31/2021 | 2/28/2024 | $9,034.29 | $9,034.29 | $18,068.58 |
| EDUARDO | BULIWAN | 10/31/2022 | 10/31/2022 | $1,057.36 | $1,057.36 | $2,114.72 |
| JEAN PAUL | BUNDALIAN | 2/28/2024 | 2/28/2024 | $1,623.69 | $1,623.69 | $3,247.38 |
| LYNBETH | CARLOS | 11/30/2023 | 11/30/2023 | $1,498.50 | $1,498.50 | $2,997.00 |
| MARISSA | CARREON | 7/31/2022 | 8/31/2022 | $15,691.41 | $15,691.41 | $31,382.82 |
| WILLIAM | CARREON | 6/30/2022 | 8/31/2022 | $17,450.88 | $17,450.88 | $34,901.76 |
| STINELI | CHAVEZ | 2/28/2023 | 8/31/2023 | $4,495.50 | $4,495.50 | $8,991.00 |
| DIONISIO | ESTEVES | 3/31/2021 | 2/29/2024 | $22,244.25 | $22,244.25 | $44,488.50 |
| MARIO | FIGURACION JR | 4/30/2021 | 9/30/2022 | $16,958.65 | $16,958.65 | $33,917.30 |
| GENESIS | FRANCIA | 5/31/2023 | 2/29/2024 | $11,955.22 | $11,955.22 | $23,910.44 |
| DANILO | MANALO | 3/31/2021 | 2/28/2024 | $26,610.93 | $26,610.93 | $53,221.86 |
| JERRYSON | MANI | 5/31/2022 | 8/31/2022 | $5,972.17 | $5,972.17 | $11,944.34 |
| RODELIO | MARQUEZ | 2/28/2023 | 3/31/2024 | $17,084.61 | $17,084.61 | $34,169.22 |
| FRANCIS | PASTORFIDE | 3/31/2021 | 3/31/2024 | $31,699.74 | $31,699.74 | $63,399.48 |

| First Name | Last Name | BW Start Date | BW End Date | Total BWs Due | Total LDs Due | Total Amount Due |
|---|---|---|---|---|---|---|
| CHRISTIAN | REYES | 2/28/2024 | 2/28/2024 | $1,623.69 | $1,623.69 | $3,247.38 |
| APHOL JAY | SALVADOR | 3/31/2021 | 2/28/2024 | $38,891.10 | $38,891.10 | $77,782.20 |
| RUDY | SANTOS | 3/31/2021 | 11/30/2021 | $7,214.20 | $7,214.20 | $14,428.40 |
| VENUS | SISON | 3/31/2021 | 5/31/2021 | $4,631.81 | $4,631.81 | $9,263.62 |
| | | | Total | $1,220,574.10 | $1,220,574.10 | $2,441,148.20 |

# EXHIBIT 2

## Payment Schedule

| PMT NO. | PAYMENT DATE | PRINCIPAL | INTEREST | TOTAL PAYMENT DUE | PAYMENT ALLOCATED TOWARD |
|---|---|---|---|---|---|
| 1 | 4/20/2025 | $39,285.98 | $5,000.00 | $44,285.98 | Liquidated Damages ("LD") |
| 2 | 5/20/2025 | $39,416.93 | $4,869.05 | $44,285.98 | LD |
| 3 | 6/20/2025 | $39,548.32 | $4,737.66 | $44,285.98 | LD |
| 4 | 7/20/2025 | $39,680.15 | $4,605.83 | $44,285.98 | LD |
| 5 | 8/20/2025 | $39,812.42 | $4,473.56 | $44,285.98 | LD |
| 6 | 9/20/2025 | $39,945.12 | $4,340.85 | $44,285.98 | LD |
| 7 | 10/20/2025 | $40,078.27 | $4,207.70 | $44,285.98 | LD |
| 8 | 11/20/2025 | $40,211.87 | $4,074.11 | $44,285.98 | LD / Back Wages ("BW") |
| 9 | 12/20/2025 | $40,345.91 | $3,940.07 | $44,285.98 | BW |
| 10 | 1/20/2026 | $40,480.39 | $3,805.58 | $44,285.98 | BW |
| 11 | 2/20/2026 | $40,615.33 | $3,670.65 | $44,285.98 | BW |
| 12 | 3/20/2026 | $40,750.71 | $3,535.26 | $44,285.98 | BW |
| 13 | 4/20/2026 | $40,886.55 | $3,399.43 | $44,285.98 | BW |
| 14 | 5/20/2026 | $41,022.84 | $3,263.14 | $44,285.98 | BW |
| 15 | 6/20/2026 | $41,159.58 | $3,126.40 | $44,285.98 | BW |
| 16 | 7/20/2026 | $41,296.78 | $2,989.20 | $44,285.98 | BW |
| 17 | 8/20/2026 | $41,434.43 | $2,851.54 | $44,285.98 | BW |
| 18 | 9/20/2026 | $41,572.55 | $2,713.43 | $44,285.98 | BW |
| 19 | 10/20/2026 | $41,711.12 | $2,574.85 | $44,285.98 | BW |
| 20 | 11/20/2026 | $41,850.16 | $2,435.82 | $44,285.98 | BW |
| 21 | 12/20/2026 | $41,989.66 | $2,296.32 | $44,285.98 | BW |
| 22 | 1/20/2027 | $42,129.63 | $2,156.35 | $44,285.98 | BW |
| 23 | 2/20/2027 | $42,270.06 | $2,015.92 | $44,285.98 | BW |
| 24 | 3/20/2027 | $42,410.96 | $1,875.02 | $44,285.98 | BW |
| 25 | 4/20/2027 | $42,552.33 | $1,733.65 | $44,285.98 | BW |
| 26 | 5/20/2027 | $42,694.17 | $1,591.81 | $44,285.98 | BW |
| 27 | 6/20/2027 | $42,836.48 | $1,449.49 | $44,285.98 | BW |
| 28 | 7/20/2027 | $42,979.27 | $1,306.70 | $44,285.98 | BW |
| 29 | 8/20/2027 | $43,122.54 | $1,163.44 | $44,285.98 | BW |
| 30 | 9/20/2027 | $43,266.28 | $1,019.70 | $44,285.98 | BW |
| 31 | 10/20/2027 | $43,410.50 | $875.48 | $44,285.98 | BW |
| 32 | 11/20/2027 | $43,555.20 | $730.78 | $44,285.98 | BW |

| PMT NO. | PAYMENT DATE | PRINCIPAL | INTEREST | TOTAL PAYMENT DUE | PAYMENT ALLOCATED TOWARD |
|---|---|---|---|---|---|
| 33 | 12/20/2027 | $43,700.39 | $585.59 | $44,285.98 | BW |
| 34 | 1/20/2028 | $43,846.05 | $439.92 | $44,285.98 | BW |
| 35 | 2/20/2028 | $43,992.21 | $293.77 | $44,285.98 | BW |
| 36 | 3/20/2028 | $44,138.85 | $147.13 | $44,285.98 | BW |
| | **TOTAL** | **$1,500,000.00** | **$94,295.19** | **$1,594,295.19** | |

EXHIBIT 3

## <u>NOTICE OF EMPLOYEE RIGHTS</u>

The U.S. Department of Labor ("DOL") has investigated Tolentino & Tolentino Partners dba Howard Home; Aizabel Home, Inc.; Alyza Home, Inc., Gala Home, Inc., Gypsum Creek Homes, Inc., Maria Lilian Tolentino, and Judy Tolentino and found violations of the Fair Labor Standards Act. These employers have reached a settlement with the DOL and agreed to pay the amounts found due to workers.

<u>YOUR IMMIGRATION STATUS DOES NOT MATTER AND DOES NOT
IMPACT YOUR WORKPLACE RIGHTS</u>

<u>You have legal rights under the Fair Labor Standards Act, including:</u>

- ➢ The right to be paid at least the minimum wage for all hours that you work; and
- ➢ The right to be paid overtime at a rate of 1.5 times your regular rate for all hours that you work over 40 hours in a workweek.
- ➢ The right to complain about your wages to your employer or the DOL without suffering any negative actions from your employer or anyone else.

Your employer must pay you for all the hours you work. This includes all the time you perform work at the home and any time when you are required to stay in the home.

If you receive a payment as part of this settlement, you have the right to keep the payment in full. No one is allowed to ask you to return any part of that payment to your employer.

If you think your employer has not correctly paid you or has violated your rights, please contact the Department of Labor at 1-866-487-9243.

**Your employer is prohibited from taking any negative action against you because you contacted the Labor Department.**

**EXHIBIT 4**

RECORDING REQUESTED BY:
United States Department of Labor
Office of the Solicitor
Attn: Tara Stearns, Senior Trial Attorney
90 7th St., Suite 3-700
|San Francisco, CA  94103

WHEN RECORDED MAIL TO:
United States Department of Labor
Office of the Solicitor
Attn: Tara Stearns, Senior Trial Attorney
90 7th St., Suite 3-700
|San Francisco, CA  94103

*U.S. Department of Labor v. Tolentino & Tolentino Partners dba Howard Home, et al.*, Civil Case No. 5:25-cv-00073 (C.D. Cal.)

# DEED OF TRUST

This Deed of Trust, made this_____ day of_____, 2025, between Maria Lilian Tolentino, herein called TRUSTOR, whose address is 4184 East Sonrisa Privado, Ontario, CA 91761, FIRST AMERICAN TITLE COMPANY LOS ANGELES, a California Corporation, herein called TRUSTEE, and UNITED STATES DEPARTMENT OF LABOR, herein called BENEFICIARY.

Witnesseth: That TRUSTOR IRREVOCABLY GRANTS, TRANSFERS, AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in Los Angeles County, California, described as:

LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT A,

which currently has the address of 1425 Ethel St., Glendale, CA 91207,

For the Purpose of Securing payment in the sum of $2,500,000.00 per the Consent Judgment filed in *U.S. Department of Labor v. Tolentino & Tolentino Partners dba Howard Home, et al.*, Case No. 5:25-cv-00073 (C.D. Cal.), with interest thereon according to the terms of said Consent Judgment herewith made by Trustor payable to order of the Beneficiary, and extensions or renewals thereof.

To Protect the Security of This Deed of Trust, Trustor Agrees: By the execution and delivery of this Deed of Trust hereby, that provisions (1) to (14), inclusive, excluding (10), of the fictitious deed of trust recorded in Los Angeles County, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Imperial | 1091 | 501 | Modoc | 184 | 851 | San Diego | | | Solano | 1105 | 182 |
| Alpine | 1 | 250 | Inyo | 147 | 598 | Mono | 52 | 429 | Series 2 | 1961 | 183887 | Sonoma | 1851 | 689 |
| Amador | 104 | 348 | Kern | 3427 | 60 | Monterey | 2194 | 538 | San Francisco | A332 | 905 | Stanislaus | 1715 | 456 |
| Butte | 1145 | 1 | Kings | 792 | 833 | Napa | 639 | 86 | San Joaquin | 2470 | 311 | Sutter | 572 | 297 |
| Calaveras | 145 | 152 | Lake | 362 | 39 | Nevada | 305 | 320 | San Luis Obispo | 1151 | 12 | Tehama | 401 | 289 |
| Colusa | 296 | 617 | Lassen | 171 | 471 | Orange | 5889 | 611 | San Mateo | 4078 | 420 | Trinity | 93 | 366 |
| Contra Costa | 3978 | 47 | Los Angeles | T2055 | 899 | Placer | 895 | 301 | Santa Barbara | 1878 | 860 | Tulare | 2294 | 275 |
| Del Norte | 78 | 414 | Madera | 810 | 170 | Plumas | !51 | 5 | Santa Clara | 5336 | 341 | Tuolumne | 135 | 47 |
| El Dorado | 568 | 456 | Marin | 1508 | 339 | Riverside | 3005 | 523 | Santa Cruz | 1431 | 494 | Ventura | 2062 | 386 |
| Fresno | 4626 | 572 | Mariposa | 77 | 292 | Sacramento | 4331 | 62 | Shasta | 684 | 528 | Yolo | 653 | 245 |
| Glenn | 422 | 184 | Mendocino | 579 | 530 | San Benito | 271 | 383 | Sierra | 29 | 335 | Yuba | 334 | 486 |
| Humboldt | 657 | 527 | Merced | 1547 | 538 | San Bernardino | 5567 | 61 | Siskiyou | 468 | 181 | | | |

(which provisions identical in all counties, are printed on Exhibit A attached to this form) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that said Trustor will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to her at her address herein before set forth.

_____                    _____
Signature of Maria Lilian Tolentino, Trustor                                         Date

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                    )
County of _____ )

On _____ before me, _____,

NAME                                    TITLE

personally appeared _____

NAMES OF TRUSTOR

who proved to me on the basis of satisfactory evidence to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____

**EXHIBIT "A"**

LOT 5 IN BLOCK 25 OF ROSSMOYNE TRACT, IN THE CITY OF GLENDALE, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 85 PAGE(S) 70 AND 71 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, WHERE THEY HAVE BEEN PREVIOUSLY RESERVED IN INSTRUMENTS OF RECORD.

ASSESSOR'S PARCEL NUMBER: 5650-034-005

## DO NOT RECORD THIS PAGE

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1)  To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon  and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2)  To provide, maintain and deliver to Beneficiary fire, vandalism and malicious mischief insurance satisfactory to and with loss payable to Beneficiary.  The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.

Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.  The provisions hereof are subject to the mutual agreements of the parties as below set forth.

(3)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

(4)  To pay; at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; subject to the mutual agreements of the parties as below set forth, to pay when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior to superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, the Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may; make or do the same in such manner and to such extent as either may deed necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)  To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)  That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.  The provisions hereof are subject to the mutual agreements of the parties as below set forth.

(7)  That by accepting payment of any sum secured hereby after its due date, Beneficiary doe not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure to pay.

(8)  That at any time from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may; recovery any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)  That upon written request of the Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder.  The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.  The guarantee in such reconveyance may be described as "the person or persons legally entitled thereto."  Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed unless directed in such request to retain them.

(10)  That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, an without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine.  The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11)  That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record.  Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may be determined, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale.  Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement.  Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied.  The recitals in such deed or any matters or facts shall be conclusive proof of the truthfulness thereof.  Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of Title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12)  Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, powers and duties.  Said instrument must contain the name of the original Trustor, Trustee and Beneficiary  hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13)  That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.  The term Beneficiary shall mean the owner and  holder, including pledges, of the note secured hereby, whether or not named as Beneficiary herein.  In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular includes the plural.

(14)  That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law.  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee  shall be a party unless brought by Trustee.

_____     _____

Signature of Maria Lilian Tolentino, Trustor                    Date

**EXHIBIT 5**

RECORDING REQUESTED BY:
United States Department of Labor
Office of the Solicitor
Attn: Tara Stearns, Senior Trial Attorney
90 7th St., Suite 3-700
|San Francisco, CA  94103

WHEN RECORDED MAIL TO:
United States Department of Labor
Office of the Solicitor
Attn: Tara Stearns, Senior Trial Attorney
90 7th St., Suite 3-700
|San Francisco, CA  94103

*U.S. Department of Labor v. Tolentino & Tolentino Partners dba*
*Howard Home, et al.,* Civil Case No. 5:25-cv-00073 (C.D. Cal.)

# DEED OF TRUST

This Deed of Trust, made this _____ day of _____, 2025, between Maria Lilian Tolentino, herein called TRUSTOR, whose address is 4184 East Sonrisa Privado, Ontario, CA 91761, FIRST AMERICAN TITLE COMPANY LOS ANGELES, a California Corporation, herein called TRUSTEE, and UNITED STATES DEPARTMENT OF LABOR,  herein called BENEFICIARY.

Witnesseth: That TRUSTOR IRREVOCABLY GRANTS, TRANSFERS, AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in San Bernadino County, California, described as:

LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT A,

which currently has the address of 4361 Howard St., Montclair, CA 91763,

For the Purpose of Securing payment in the sum of $2,500,000.00 per the Consent Judgment filed in *U.S. Department of Labor v. Tolentino & Tolentino Partners dba Howard Home, et al.*, Case No. 5:25-cv-00073 (C.D. Cal.), with interest thereon according to the terms of said Consent Judgment herewith made by Trustor payable to order of the Beneficiary, and extensions or renewals thereof.

To Protect the Security of This Deed of Trust, Trustor Agrees: By the execution and delivery of this Deed of Trust hereby, that provisions (1) to (14), inclusive, excluding (10), of the fictitious deed of trust  recorded in Los Angeles County, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county,  namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Imperial | 1091 | 501 | Modoc | 184 | 851 | San Diego | | | Solano | 1105 | 182 |
| Alpine | 1 | 250 | Inyo | 147 | 598 | Mono | 52 | 429 | Series 2 | 1961 | 183887 | Sonoma | 1851 | 689 |
| Amador | 104 | 348 | Kern | 3427 | 60 | Monterey | 2194 | 538 | San Francisco | A332 | 905 | Stanislaus | 1715 | 456 |
| Butte | 1145 | 1 | Kings | 792 | 833 | Napa | 639 | 86 | San Joaquin | 2470 | 311 | Sutter | 572 | 297 |
| Calaveras | 145 | 152 | Lake | 362 | 39 | Nevada | 305 | 320 | San Luis Obispo | 1151 | 12 | Tehama | 401 | 289 |
| Colusa | 296 | 617 | Lassen | 171 | 471 | Orange | 5889 | 611 | San Mateo | 4078 | 420 | Trinity | 93 | 366 |
| Contra Costa | 3978 | 47 | Los Angeles | T2055 | 899 | Placer | 895 | 301 | Santa Barbara | 1878 | 860 | Tulare | 2294 | 275 |
| Del Norte | 78 | 414 | Madera | 810 | 170 | Plumas | !51 | 5 | Santa Clara | 5336 | 341 | Tuolumne | 135 | 47 |
| El Dorado | 568 | 456 | Marin | 1508 | 339 | Riverside | 3005 | 523 | Santa Cruz | 1431 | 494 | Ventura | 2062 | 386 |
| Fresno | 4626 | 572 | Mariposa | 77 | 292 | Sacramento | 4331 | 62 | Shasta | 684 | 528 | Yolo | 653 | 245 |
| Glenn | 422 | 184 | Mendocino | 579 | 530 | San Benito | 271 | 383 | Sierra | 29 | 335 | Yuba | 334 | 486 |
| Humboldt | 657 | 527 | Merced | 1547 | 538 | San Bernardino | 5567 | 61 | Siskiyou | 468 | 181 | | | |

(which provisions identical in all counties, are printed on Exhibit A attached  to this form) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth  herein at length; that said Trustor will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed  to refer to the property, obligations, and parties set forth  in this Deed of Trust.

The Trustor requests  that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to her at her address herein before set forth.

_____          _____
Signature of Maria Lilian Tolentino, Trustor                              Date

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                              )
County of _____ )

On _____ before me, _____,

NAME                                     TITLE

personally appeared _____

NAMES OF TRUSTOR

who proved to me on the basis of satisfactory evidence to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____

**EXHIBIT "A"**

LOT 25 OF TRACT NO. 9513, IN THE CITY OF MONTCLAIR, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 132 PAGE(S) 18 TO 20 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, WHERE THEY HAVE BEEN PREVIOUSLY RESERVED IN INSTRUMENTS OF RECORD.

ASSESSOR'S PARCEL NUMBER:  1012-371-52-0-000

## DO NOT RECORD THIS PAGE

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1)  To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon  and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2)  To provide, maintain and deliver to Beneficiary fire, vandalism and malicious mischief insurance satisfactory to and with loss payable to Beneficiary.  The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.

Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.  The provisions hereof are subject to the mutual agreements of the parties as below set forth.

(3)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

(4)  To pay; at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; subject to the mutual agreements of the parties as below set forth, to pay when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior to superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, the Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may; make or do the same in such manner and to such extent as either may deed necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)  To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)  That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.  The provisions hereof are subject to the mutual agreements of the parties as below set forth.

(7)  That by accepting payment of any sum secured hereby after its due date, Beneficiary doe not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure to pay.

(8)  That at any time from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may; recovey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)  That upon written request of the Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder.  The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.  The guarantee in such reconveyance may be described as "the person or persons legally entitled thereto."  Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed unless directed in such request to retain them.

(10)  That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, an without regard to the adequacy of any security for the indebtedness secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine.  The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11)  That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record.  Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may be determined, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale.  Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement.  Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied.  The recitals in such deed or any matters or facts shall be conclusive proof of the truthfulness thereof.  Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of Title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12)  Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, powers and duties.  Said instrument must contain the name of the original Trustor, Trustee and Beneficiary  hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13)  That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.  The term Beneficiary shall mean the owner and  holder, including pledges, of the note secured hereby, whether or not named as Beneficiary herein.  In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular includes the plural.

(14)  That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law.  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee  shall be a party unless brought by Trustee.


_____          _____

Signature of Maria Lilian Tolentino, Trustor                                Date

# EXHIBIT 6

RECORDING REQUESTED BY:
United States Department of Labor
Office of the Solicitor
Attn: Tara Stearns, Senior Trial Attorney
90 7th St., Suite 3-700
|San Francisco, CA  94103

WHEN RECORDED MAIL TO:
United States Department of Labor
Office of the Solicitor
Attn: Tara Stearns, Senior Trial Attorney
90 7th St., Suite 3-700
|San Francisco, CA  94103

*U.S. Department of Labor v. Tolentino & Tolentino Partners dba Howard Home, et al., Civil Case No. 5:25-cv-00073 (C.D. Cal.)*

# DEED OF TRUST

This Deed of Trust, made this_____ day of_____, 2025, between Maria Lilian Tolentino, herein called TRUSTOR, whose address is 4184 East Sonrisa Privado, Ontario, CA 91761, FIRST AMERICAN TITLE COMPANY LOS ANGELES, a California Corporation, herein called TRUSTEE, and UNITED STATES DEPARTMENT OF LABOR, herein called BENEFICIARY.

Witnesseth: That TRUSTOR IRREVOCABLY GRANTS, TRANSFERS, AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in San Bernadino County, California, described as:

LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT A,

which currently has the address of 5062 Rodeo St., Montclair, CA 91763,

For the Purpose of Securing payment in the sum of $2,500,000.00 per the Consent Judgment filed in *U.S. Department of Labor v. Tolentino & Tolentino Partners dba Howard Home, et al.*, Case No. 5:25-cv-00073 (C.D. Cal.), with interest thereon according to the terms of said Consent Judgment herewith made by Trustor payable to order of the Beneficiary, and extensions or renewals thereof.

To Protect the Security of This Deed of Trust, Trustor Agrees: By the execution and delivery of this Deed of Trust hereby, that provisions (1) to (14), inclusive, excluding (10), of the fictitious deed of trust recorded in Los Angeles County, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Imperial | 1091 | 501 | Modoc | 184 | 851 | San Diego | | | Solano | 1105 | 182 |
| Alpine | 1 | 250 | Inyo | 147 | 598 | Mono | 52 | 429 | Series 2 | 1961 | 183887 | Sonoma | 1851 | 689 |
| Amador | 104 | 348 | Kern | 3427 | 60 | Monterey | 2194 | 538 | San Francisco | A332 | 905 | Stanislaus | 1715 | 456 |
| Butte | 1145 | 1 | Kings | 792 | 833 | Napa | 639 | 86 | San Joaquin | 2470 | 311 | Sutter | 572 | 297 |
| Calaveras | 145 | 152 | Lake | 362 | 39 | Nevada | 305 | 320 | San Luis Obispo | 1151 | 12 | Tehama | 401 | 289 |
| Colusa | 296 | 617 | Lassen | 171 | 471 | Orange | 5889 | 611 | San Mateo | 4078 | 420 | Trinity | 93 | 366 |
| Contra Costa | 3978 | 47 | Los Angeles | T2055 | 899 | Placer | 895 | 301 | Santa Barbara | 1878 | 860 | Tulare | 2294 | 275 |
| Del Norte | 78 | 414 | Madera | 810 | 170 | Plumas | !51 | 5 | Santa Clara | 5336 | 341 | Tuolumne | 135 | 47 |
| El Dorado | 568 | 456 | Marin | 1508 | 339 | Riverside | 3005 | 523 | Santa Cruz | 1431 | 494 | Ventura | 2062 | 386 |
| Fresno | 4626 | 572 | Mariposa | 77 | 292 | Sacramento | 4331 | 62 | Shasta | 684 | 528 | Yolo | 653 | 245 |
| Glenn | 422 | 184 | Mendocino | 579 | 530 | San Benito | 271 | 383 | Sierra | 29 | 335 | Yuba | 334 | 486 |
| Humboldt | 657 | 527 | Merced | 1547 | 538 | San Bernardino | 5567 | 61 | Siskiyou | 468 | 181 | | | |

(which provisions identical in all counties, are printed on Exhibit A attached to this form) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that said Trustor will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to her at her address herein before set forth.

_____        _____
Signature of Maria Lilian Tolentino, Trustor                               Date

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                              )
County of _____ )

On _____ before me, _____,

NAME                                    TITLE

personally appeared _____

NAMES OF TRUSTOR

who proved to me on the basis of satisfactory evidence to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____

**EXHIBIT "A"**

LOT 4 OF TRACT NO. 16345, IN THE CITY OF MONTCLAIR, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 294 PAGE(S) 50 AND 51 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, WHERE THEY HAVE BEEN PREVIOUSLY RESERVED IN INSTRUMENTS OF RECORD.

ASSESSOR'S PARCEL NUMBER: 1011-471-32-0-000

## DO NOT RECORD THIS PAGE

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1)  To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon  and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2)  To provide, maintain and deliver to Beneficiary fire, vandalism and malicious mischief insurance satisfactory to and with loss payable to Beneficiary.  The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.

Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.  The provisions hereof are subject to the mutual agreements of the parties as below set forth.

(3)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

(4)  To pay; at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; subject to the mutual agreements of the parties as below set forth, to pay when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior to superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, the Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may; make or do the same in such manner and to such extent as either may deed necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)  To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)  That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.  The provisions hereof are subject to the mutual agreements of the parties as below set forth.

(7)  That by accepting payment of any sum secured hereby after its due date, Beneficiary doe not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure to pay.

(8)  That at any time from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may; reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)  That upon written request of the Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder.  The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.  The guarantee in such reconveyance may be described as "the person or persons legally entitled thereto."  Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed unless directed in such request to retain them.

(10)  That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, an without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine.  The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11)  That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record.  Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may be determined, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale.  Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement.  Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied.  The recitals in such deed or any matters or facts shall be conclusive proof of the truthfulness thereof.  Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of Title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12)  Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, powers and duties.  Said instrument must contain the name of the original Trustor, Trustee and Beneficiary  hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13)  That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.  The term Beneficiary shall mean the owner and  holder, including pledges, of the note secured hereby, whether or not named as Beneficiary herein.  In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular includes the plural.

(14)  That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law.  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee  shall be a party unless brought by Trustee.

_____          _____

Signature of Maria Lilian Tolentino, Trustor                               Date

# EXHIBIT 7

RECORDING REQUESTED BY:
United States Department of Labor
Office of the Solicitor
Attn: Tara Stearns, Senior Trial Attorney
90 7th St., Suite 3-700
|San Francisco, CA  94103

WHEN RECORDED MAIL TO:
United States Department of Labor
Office of the Solicitor
Attn: Tara Stearns, Senior Trial Attorney
90 7th St., Suite 3-700
|San Francisco, CA  94103

*U.S. Department of Labor v. Tolentino & Tolentino Partners dba Howard Home, et al.*, Civil Case No. 5:25-cv-00073 (C.D. Cal.)

# DEED OF TRUST

This Deed of Trust, made this_____ day of _____, 2025, between Maria Lilian Tolentino, herein called TRUSTOR, whose address is 4184 East Sonrisa Privado, Ontario, CA 91761, FIRST AMERICAN TITLE COMPANY LOS ANGELES, a California Corporation, herein called TRUSTEE, and UNITED STATES DEPARTMENT OF LABOR, herein called BENEFICIARY.

Witnesseth: That TRUSTOR IRREVOCABLY GRANTS, TRANSFERS, AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in San Bernadino County, California, described as:

LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT A,

which currently has the address of 10986 S. Gala Ln., Ontario, CA 91762,

For the Purpose of Securing payment in the sum of $2,500,000.00 per the Consent Judgment filed in *U.S. Department of Labor v. Tolentino & Tolentino Partners dba Howard Home, et al.*, Case No. 5:25-cv-00073 (C.D. Cal.), with interest thereon according to the terms of said Consent Judgment herewith made by Trustor payable to order of the Beneficiary, and extensions or renewals thereof.

To Protect the Security of This Deed of Trust, Trustor Agrees: By the execution and delivery of this Deed of Trust hereby, that provisions (1) to (14), inclusive, excluding (10), of the fictitious deed of trust recorded in Los Angeles County, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Imperial | 1091 | 501 | Modoc | 184 | 851 | San Diego | | | Solano | 1105 | 182 |
| Alpine | 1 | 250 | Inyo | 147 | 598 | Mono | 52 | 429 | Series 2 | 1961 | 183887 | Sonoma | 1851 | 689 |
| Amador | 104 | 348 | Kern | 3427 | 60 | Monterey | 2194 | 538 | San Francisco | A332 | 905 | Stanislaus | 1715 | 456 |
| Butte | 1145 | 1 | Kings | 792 | 833 | Napa | 639 | 86 | San Joaquin | 2470 | 311 | Sutter | 572 | 297 |
| Calaveras | 145 | 152 | Lake | 362 | 39 | Nevada | 305 | 320 | San Luis Obispo | 1151 | 12 | Tehama | 401 | 289 |
| Colusa | 296 | 617 | Lassen | 171 | 471 | Orange | 5889 | 611 | San Mateo | 4078 | 420 | Trinity | 93 | 366 |
| Contra Costa | 3978 | 47 | Los Angeles | T2055 | 899 | Placer | 895 | 301 | Santa Barbara | 1878 | 860 | Tulare | 2294 | 275 |
| Del Norte | 78 | 414 | Madera | 810 | 170 | Plumas | !51 | 5 | Santa Clara | 5336 | 341 | Tuolumne | 135 | 47 |
| El Dorado | 568 | 456 | Marin | 1508 | 339 | Riverside | 3005 | 523 | Santa Cruz | 1431 | 494 | Ventura | 2062 | 386 |
| Fresno | 4626 | 572 | Mariposa | 77 | 292 | Sacramento | 4331 | 62 | Shasta | 684 | 528 | Yolo | 653 | 245 |
| Glenn | 422 | 184 | Mendocino | 579 | 530 | San Benito | 271 | 383 | Sierra | 29 | 335 | Yuba | 334 | 486 |
| Humboldt | 657 | 527 | Merced | 1547 | 538 | San Bernardino | 5567 | 61 | Siskiyou | 468 | 181 | | | |

(which provisions identical in all counties, are printed on Exhibit A attached to this form) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that said Trustor will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to her at her address herein before set forth.

_____          _____

Signature of Maria Lilian Tolentino, Trustor                    Date

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                          )
County of _____ )

On _____ before me, _____,

                                              NAME                                  TITLE

personally appeared _____

                              NAMES OF TRUSTOR

who proved to me on the basis of satisfactory evidence to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____

EXHIBIT 'A'

LOT 11 OF TRACT NO. 16215, IN THE COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 289 PAGE(S) 67 TO 69 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, WHERE THEY HAVE BEEN PREVIOUSLY RESERVED IN INSTRUMENTS OF RECORD.

ASSESSOR'S PARCEL NUMBER: 1011-451-37-0-000

# DO NOT RECORD THIS PAGE

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1)  To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon  and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2)  To provide, maintain and deliver to Beneficiary fire, vandalism and malicious mischief insurance satisfactory to and with loss payable to Beneficiary.  The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.

Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.  The provisions hereof are subject to the mutual agreements of the parties as below set forth.

(3)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

(4)  To pay; at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; subject to the mutual agreements of the parties as below set forth, to pay when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior to superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, the Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may; make or do the same in such manner and to such extent as either may deed necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)  To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)  That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.  The provisions hereof are subject to the mutual agreements of the parties as below set forth.

(7)  That by accepting payment of any sum secured hereby after its due date, Beneficiary doe not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure to pay.

(8)  That at any time from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may; recovery any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)  That upon written request of the Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder.  The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.  The guarantee in such reconveyance may be described as "the person or persons legally entitled thereto."  Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed unless directed in such request to retain them.

(10)  That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, an without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine.  The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11)  That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record.  Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may be determined, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale.  Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement.  Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied.  The recitals in such deed or any matters or facts shall be conclusive proof of the truthfulness thereof.  Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of Title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12)  Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, powers and duties.  Said instrument must contain the name of the original Trustor, Trustee and Beneficiary  hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13)  That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.  The term Beneficiary shall mean the owner and  holder, including pledges, of the note secured hereby, whether or not named as Beneficiary herein.  In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular includes the plural.

(14)  That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law.  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee  shall be a party unless brought by Trustee.

_____                    _____

Signature of Maria Lilian Tolentino, Trustor                                        Date